court, which had the notes and mortgage before it, decided that they were sufficient to give plaintiff possession under the "insecurity clause."

3. REPLEVIN, § 123*—*when evidence sufficient to sustain finding for plaintiff.* Evidence, in an action of replevin, examined and *held* sufficient to support a finding for plaintiff.

### Alma Heizer et al., Defendants in Error, v. John W. Heizer, Plaintiff in Error.

#### Gen. No. 23,051.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. CHARLES M. THOMSON, Judge, presiding. Heard in this court at the March term, 1917. Reversed and remanded with directions. Opinion filed July 2, 1917. Rehearing denied July 16, 1917.

### Statement of the Case.

Bill for divorce by Alma Heizer, complainant, against John W. Heizer, defendant. By an order entered therein defendant was directed to pay $100 as solicitors' fees to F. A. Woodbury and Otto Schusterman, complainant's solicitors, for services in defending a writ of error in the Appellate Court in *Heizer v. Heizer,* 204 Ill. App. 200, which was sued out to reverse the order for alimony made in the divorce suit, in which, prior thereto, a decree of divorce had been entered. To reverse the order allowing solicitors' fees, defendant prosecutes this writ of error.

G. A. BURESH and OTTO WADEWITZ, for plaintiff in error.

F. A. WOODBURY, for defendants in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. DIVORCE, § 142*—*what does not affect allowance of solicitors' fee for defending decree. on review.* The fact that the measure adopted by the trial court to ascertain the amount of alimony was held erroneous on appeal does not deprive that court of jurisdiction to allow to a wife solicitors' fees to defend on review the integrity of the alimony decreed.

2. DIVORCE, § 143*—*who may have allowance of solicitors' fees.* The allowance of solicitors' fees in a divorce suit must be made to the wife and not to her solicitors.

Alma Heizer et al., Defendants in Error, v. John W. Heizer, Plaintiff in Error.

## Gen. No. 23,052.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. CHARLES M. THOMSON, Judge, presiding. Heard in this court at the March term, 1917. Reversed and remanded with directions. Opinion filed July 2, 1917. Rehearing denied July 16, 1917.

## Statement of the Case.

Bill for divorce by Alma Heizer, complainant, against John W. Heizer, defendant. By this writ of error complainant seeks to reverse a decree allowing solicitors' fees. This case is similar in every material respect to *Heizer v. Heizer, ante,* p. 126.

G. A. BURESH and OTTO WADEWITZ, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.