**MERRIMAN v. HAWBAKER et al.**

No. 620.

District Court, E. D. Illinois.

Jan. 2, 1934.

W. A. Doss, of Monticello, Ill., for plaintiff.

E. J. Hawbaker and R. P. Shonkwiler, both of Monticello, Ill., for defendants.

LINDLEY, District Judge.

This is a bill filed on December 30, 1933, against the wife of the plaintiff, her two solicitors, E. J. Hawbaker and R. P. Shonkwiler, and the judge of the circuit court of Piatt county, seeking to enjoin each of them from the enforcement of an order of the said circuit court entered on the 18th day of December, 1933, in a divorce proceeding brought by the present plaintiff against his wife, Nelle P. Merriman. In that order the judge allowed to Mrs. Merriman for her solicitors' fees in the divorce suit, the sum of $225, subject to a credit of $50 previously paid, and directed payment of the balance of $175 within a certain time.

It appears from the bill that after plaintiff had sued his wife for divorce, on October 11, 1933, he filed his voluntary petition in bankruptcy in this court and was thereupon adjudicated bankrupt and that, though the order making an allowance to his wife for solicitors' fees was entered subsequent to the commencement of the bankruptcy proceeding, it was based upon services rendered the wife before that time. The question submitted to the court then, is this: "Is an allowance to a party in a divorce suit for solicitors' fees within the meaning of the word alimony or of such character as to make it a non-dischargeable debt?" If the answer is in the affirmative, the application for injunction must be denied and the bill dismissed for want of equity. If the answer is in the neg-

ative, there should be a decree for a permanent injunction.

Alimony, a word derived from the Latin term alere, meaning to nourish or sustain, commonly means in law all allowances, whether partial or in gross, which a husband by order of court, in pursuance of his common-law or statutory duty to support his wife pays her for her maintenance while they are separated or divorced. Alimony pendente lite ordinarily includes a reasonable allowance for prosecution of the wife's suit or in defense of that of her husband. The subject-matter is fully covered by a statute in Illinois (Smith-Hurd Rev. St. Ill. 1933, c. 40, § 16, Cahill's Rev. St. Ill. c. 40, par. 16) containing inter alia re the following provisions:

"In all cases of divorce the court at any time after service of summons and proper notice to the husband or wife may require the husband to pay to the wife or pay into court for her use or may require the wife to pay to the husband or pay into the court for his use during the pendency of the suit such sum or sums. of money as may enable her or him to maintain or defend the suit; and in every suit for a divorce the wife or the husband, when it is just and equitable, shall be entitled to alimony during the pendency of the suit. * * * The court may, however, in its discretion reserve the question of the allowance of attorney's fees and suit money until the final hearing of the case and may then make such order with reference thereto as may seem just and equitable regardless of the disposition of the case. * * * Whoever wilfully refuses to comply with the court's order to pay alimony during the pendency of the suit or attorney's fees and suit money, may be declared by the court in contempt of the court and punished therefor."

It is said that alimony cannot be regarded as a debt owing from a husband to wife, Barclay v. Barclay, 184 Ill. 375, 56 N. E. 636, 51 L. R. A. 351; but that it is rather to be considered as a penalty imposed for the failure to perform a duty, Wetmore v. Markoe, 196 U. S. 74, 25 S. Ct. 172, 49 L. Ed. 390, 2 Ann. Cas. 265; Romaine v. Chauncey, 129 N. Y. 566, 29 N. E. 826, 14 L. R. A. 712, 26 Am. St. Rep. 544. And a discharge in bankruptcy does not bar the collection of alimony and an allowance for the support of minor children, Dunbar v. Dunbar, 190 U. S. 340, 23 S. Ct. 757, 47 L. Ed. 1084; Wetmore v. Markoe, 196 U. S. 68, 25 S. Ct. 172, 49 L. Ed. 390, 2 Ann. Cas. 265; Deen v. Bloom-

er, 191 Ill. 416, 61 N. E. 131. In 1903, section 17 of the Bankruptcy Act, governing discharge, was amended to prevent discharge of "liabilities for * * * alimony due or to become due, or for maintenance or support of wife or child," etc. 11 USCA § 35.

Although judgments are, by statute, liens on the defendant's real estate, a decree for alimony payable by installments does not create a lien unless the record affirmatively shows that the court so intended, Scott v. Scott, 80 Kan. 489, 103 P. 1005, 25 L. R. A. (N. S.) 132, 133 Am. St. Rep. 217, 18 Ann. Cas. 564, and note. In the absence of a statute there is no lien, Kerr v. Kerr, 216 Pa. 641, 66 A. 107, 9 Ann. Cas. 89; Swansen v. Swansen, 12 Neb. 210, 10 N. W. 713; Campbell v. Trosper, 108 Ky. 602, 57 S. W. 245; Masters v. Masters, 249 Ill. App. 252.

The Supreme Court of Illinois has in Stillman v. Stillman, 99 Ill. 196, 39 Am. Rep. 21, defined "alimony" as follows:

"Alimony is that allowance which is made to a woman on a decree of divorce for her support out of the estate of her husband. At common law it was usually settled at the discretion of the ecclesiastical judge, on consideration of all the circumstances of the case. * * * The principle on which alimony is given to the divorced wife is,—it is the equivalent of that obligation implied in every marriage contract,—the husband shall furnish his wife * * * a suitable support."

An allowance of alimony is not a "debt," within the constitutional provisions forbidding imprisonment for debt, and may be enforced by attachment for contempt, and not alone by fieri facias and process of sequestration. Adams v. Adams, 80 N. J. Eq. 175, 83 A. 190, 192, Ann. Cas. 1913E, 1083. A wife's claim for support of herself and children pendente lite granted under Rev. St. Tex. 1895, art. 2985, authorizing the allowance of temporary alimony is not a "debt" within the constitutional provision prohibiting imprisonment for debt. Const. Tex. Art. 1, § 18. Ex parte Davis, 101 Tex. 607, 111 S. W. 394, 395, 17 L. R. A. (N. S.) 1140. Nor does an action at law lie upon an order to collect alimony. Cutler v. Cutler, 88 Ill. App. 464.

Even before the Amendment of 1903, the Supreme Court held that a discharge in bankruptcy did not bar the collection of arrears in alimony and allowance for the support of minor children, due under a decree in an action for divorce, since such liability, although fixed by a decree which is beyond the power of the court to alter or amend, because it did not reserve any right of subsequent modification or amendment, is not a "debt" within the meaning of Bankr. Act. July 1, 1898, c. 541, § 63a (1), 30 Stat. 562, 11 USCA § 103 (a) (1), providing for the proving of debts which are a fixed liability as evidenced by a judgment. Wetmore v. Markoe, 196 U. S. 68, 25 S. Ct. 172–175, 49 L. Ed. 390, 2 Ann. Cas. 265.

It will be observed that the statute of the state of Illinois provides for the payment of temporary alimony and such sum or sums of moneys as may enable the wife to maintain or defend the suit and directs that whoever refuses to comply with the court's order to pay alimony or solicitors' fees may be declared by the court in contempt and punished accordingly. It is obvious, under the legal principles hereinbefore set forth and the statute quoted, that it was the intent of the Legislature that an order allowing to the plaintiff money for her solicitors' fees should be treated in exactly the same manner, stand upon the same footing, and have actually the same legal characterization and qualities as an allowance for money to buy food or groceries. All legislation in this respect springs out of the universally recognized duty of a husband to support his wife. The allowance to her for solicitors' fees is based upon the same underlying thought as is an allowance to her to buy food, shelter, and clothing. It is fixed within the discretion of the court. It is enforceable by contempt. It is allowed to the wife and not to the counsel. Prise v. Prise, 197 Ill. App. 609; Heizer v. Heizer, 207 Ill. App. 126; Miles v. Miles, 102 Ill. App. 130; Harris v. Harris, 109 Ill. App. 148; Anderson v. Steger, 173 Ill. 112, 50 N. E. 665. It is not a lien upon real estate unless so ordered by the court. It is in the nature of a fine or penalty assessed by the court in the enforcement of the husband's duty. It has obviously all the qualities of an allowance for support commonly termed "alimony." A judgment for alimony being nondischargeable, it follows that an order to pay the wife her solicitors' fees is likewise undischargeable. It may be provable [Heimberger v. Joseph (C. C. A.) 55 F.(2d) 171], but it has none of the qualities required to make it dischargeable. The present order partakes of the qualities of judgments for penalties or fines for support of a wife or children or bastard child all of which are enforceable by contempt proceeding.

It follows from what has been said that the prayer for injunction must be denied and bill dismissed for want of equity. Such will be the order of the court.