MARY ANNE MORREY, for the use of ALBERT H. BEAVER, Plaintiff-Appellant, *v.* JAMES FRANCIS MORREY, Defendant-Appellee.

(No. 59872;

First District (1st Division)—November 18, 1974.

Roger D. Klaus, of Chicago, for appellant.

Charles S. Simon, of Chicago, for appellee.

Mr. PRESIDING JUSTICE EGAN delivered the opinion of the court:

This is an appeal by Albert H. Beaver from an order enjoining him from attempting to enforce a decree for attorney's fees which had been ordered to be paid by James Morrey, the defendant in a divorce action brought by Beaver on behalf of Mary Anne Morrey.

The complaint was heard as a default matter, and a decree for divorce entered in favor of the plaintiff on October 2, 1969. The decree provided for permanent alimony in the sum of $20 per week plus support for three minor children in the sum of $60 per week. The defendant was ordered to pay Beaver a sum of $800 over an installment period of 15 months.

Between December 30, 1969, and June 13, 1973, Beaver served four wage deduction summons upon the employer of the defendant. On January 13, 1970, Morrey filed a petition in bankruptcy, which resulted in the discharge of his debts on March 19, 1970. In July, 1973, the defendant filed a petition to enjoin Beaver from further attempting to collect the fees and to quash the garnishment summons.

After a hearing on October 18, 1973, the court allowed the petition, holding that the judgment for fees was a debt which had been discharged in the bankruptcy proceedings.

Section 17 of the Bankruptcy Act (Tit. 11, U.S.C.A. § 35 (1953)) provides:

> "A discharge in bankruptcy shall release a bankrupt from all his provable debts, whether allowable in full or in part, except such as * * * (2) by liabilities * * * for alimony due or to become due, or for maintenance or support of wife or child * * *."

The question to be determined, then, is whether attorney's fees may be considered a liability for alimony. Although this is a question of first impression in the Illinois state courts, a case strikingly similar on its facts is *Merriman v. Hawbaker* (E.D. Ill. 1934), 5 F.Supp. 432, 434. In holding that an allowance of attorney's fees was a nondischargeable debt, the district court pointed out that the Divorce Act (Ill. Rev. Stat. 1933, ch. 40, par. 16) provides that upon failure to pay attorney's fees awarded, the spouse may be declared in contempt of court and punished accordingly, or that the fees may be collected by way of execution and added:

> "It is obvious, under the legal principles hereinbefore set forth and the statute quoted, that it was the intent of the Legislature that an order allowing to the plaintiff money for her solicitors'

fees should be treated in exactly the same manner, stand upon the same footing, and have actually the same legal characterization and qualities as an allowance for money to buy food or groceries. All legislation in this respect springs out of the universally recognized duty of a husband to support his wife. The allowance to her for solicitors' fees is based upon the same underlying thought as is an allowance to her to buy food, shelter, and clothing. It is fixed within the discretion of the court. It is enforceable by contempt.   *   *   It has obviously all the qualities of an allowance for support, commonly termed 'alimony.' A judgment for alimony being nondischargeable, it follows that an order to pay the wife her solicitors' fees is likewise undischargeable. It may be provable [citation], but it has none of the qualities required to make it dischargeable. The present order partakes of the qualities of judgments for penalties or fines for support of a wife or children or bastard child all of which are enforceable by contempt proceeding."

The *Merriman* case was cited and followed in *Allison v. Allison* (1962), 150 Colo. 377, 372 P.2d 946; *Damon v. Damon* (1st Cir. 1960), 283 F.2d 571; and *Turman v. Turman* (Okla. 1968), 438 P.2d 488. See also *In re Brennen* (E.D. N.Y. 1941), 39 F.Supp. 1022.

The defendant cites three California cases: *Yarus v. Yarus* (1960), 178 Cal.App.2d 190, 3 Cal. Rptr. 50; *Smalley v. Smalley* (1959), 176 Cal. App.2d 374, 1 Cal. Rptr. 440; and *Tropp v. Tropp* (1933), 129 Cal.App. 62, 18 P.2d 385. In *Yarus*, the judgment provided that a sum was payable "solely by the way of property settlement, and not as payment of alimony or support and maintenance." In *Smalley*, the wife waived all right to support and alimony and the husband agreed to pay the wife $3000 to equalize her interest in community property which was payable in $50 per month installments. In *Tropp*, the decree contained two parts; the first was a $250 per month payment for support until remarriage; the second was payment of $50,000 in 10 equal annual installments to continue even in the event of the wife's remarriage. The court held that the second payment was a property settlement.

All three cases held that the portion of the decree sought to be enforced was a property settlement and not alimony and, as such, was dischargeable in bankruptcy. None of the cases involved attorney's fees and none, in our view, is in point. We, therefore, accept the reasoning of the *Merriman* case and judge that attorney's fees awarded in a divorce decree are in the nature of alimony and are not dischargeable in bankruptcy.

The defendant also contends that the cause of action for attorney's

fees has been merged with the judgment and thus has lost its "special nature" of nondischargeability, if it ever had such a special nature. The trial court apparently adopted this argument of the defendant as the basis for its ruling. The doctrine of merger has been described in ILP *Judgments* as follows:

"§ 292.  *  *  * A claim or demand which is put in judicial controversy and passes to final judgment is merged or swallowed up in the judgment, and this rule applies to a final decree in a court of chancery. The merger of a cause of action with the judgment means nothing more than that the court has considered the plaintiff's claim and pronounced judgment which invests the plaintiff with the right to enforce it by judicial processes, the demand being the same demand which the plaintiff had before, but which has taken on new attributes and cannot henceforth be pleaded except in its new form.  *  *  *

§ 293.  *  *  * As a general rule, when a judgment is rendered on the debt, liability, or obligation of a person or corporation the liabilities are merged in the judgment and become a new obligation of record which differs in character, nature, and essence from the original obligation.  *  *  *"

But the doctrine does not preclude all inquiry as to the character or nature of the original cause of action, or an ascertainment of whether or not the claim is really one of a nature such as the court is authorized to enforce; and when the essential rights of the parties are influenced by the original claim the court will look behind the judgment for the purpose of ascertaining what the original claim was. ILP *Judgments* § 292, at 360 (1956).

The defendant's argument has been advanced and rejected in other jurisdictions: *Hylek v. Hylek* (7th Cir. 1945), 148 F.2d 300, 302-303; *Beneficial Loan Co. v. Noble* (10th Cir. 1942), 129 F.2d 425, 427; *In re Avery* (6th Cir. 1940), 114 F.2d 768; *Thomas v. Crosby* (W.D. Mo. 1956), 146 F.Supp. 296, 299. All these cases have followed *Pepper v. Litton*, 308 U.S. 295, 305, 306, 84 L.Ed. 281, 288, 60 S.Ct. 238, 244, wherein the Supreme Court said:

"Hence, this Court has held that a bankruptcy court has full power to inquire into the validity of any claim L.Ed. 288 asserted against the estate.  *  *  * And the mere fact that a claim has been reduced to judgment does not prevent such an inquiry. As the merger of a claim into a judgment does not change its nature so far as provability is concerned, [citation], so the court may look behind the judgment to determine the essential

nature of the liability for purposes of proof and allowance. [Citation.]"

See also *Brown v. Hannagan* (1911), 210 Mass. 246, 96 N.E. 714; *Gibson v. Green's Adm'r* (1893), 89 Va. 524, 165 S.E. 661; *Gilchrist v. Cotton* (1925), 83 Ind. App. 415, 148 N.E. 435.

■■ We judge, therefore, that the fact that the claim for attorney's fees has been merged into a decree does not render it dischargeable in bankruptcy.

For these reasons, the judgment of the circuit court is reversed.

Judgment reversed.

GOLDBERG and HALLETT, JJ., concur.