In the Matter of Frank E. CORNISH, III, Bankrupt.

Donald C. SCHILLER, Plaintiff-Appellant,

v.

Frank E. CORNISH, III, Defendant-Appellee.

No. 75–1403.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 9, 1975.

Decided Feb. 12, 1976.

---

**1364**

Donald C. Schiller, Chicago, Ill., for plaintiff-appellant.

Sanford J. Green, Chicago, Ill., for defendant-appellee.

Before SWYGERT and TONE, Circuit Judges, and WHELAN, District Judge.[*]

PER CURIAM.

The question is whether attorney fees awarded to the wife in an Illinois divorce action but which were ordered paid directly to her attorney constitute a nondischargeable debt in a voluntary bankruptcy proceeding filed by the husband. We hold that fees awarded are nondischargeable and we reverse the order of the district court.

The plaintiff-appellant, Donald C. Schiller, was the attorney who represented Gloria J. Cornish in a divorce action, brought by her against her husband, Frank E. Cornish III, in the Circuit Court of Cook County, Illinois. On September 11, 1973, Mrs. Cornish was granted a divorce. The divorce decree included a provision that the husband was to pay Attorney Schiller the sum of $500 "as an award toward his contribution to the wife's attorney's fees and costs."

On February 12, 1974 Frank E. Cornish filed a voluntary petition in bankruptcy in the federal district court for the Northern District of Illinois. The schedule of debts attached to the petition included the $500 item owed the plaintiff. Thereafter the plaintiff filed a complaint, along with a proof of claim, requesting an order excepting the award of attorney fees from discharge. The request was disallowed and the plaintiff appealed.

Section 17(a)(7) of the Bankruptcy Act, 11 U.S.C. § 35(a)(7) (1970), provides that "[a] discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . are for alimony due or to become due, or for maintenance of support of wife or child . . . ." The term "alimony" in section 17(a)(7) means payment in the nature of support for the former spouse. *Nichols v. Hensler,* 528 F.2d 304, 308 (7th Cir. 1976). An allowance for the former wife's attorney's fees, which she would otherwise be obligated to pay, would seem to meet this definition. This view is confirmed by an examination of the law of Illinois, the state where the divorce proceeding was held.

The first expression on the question by the Illinois Appellate Court appears in the recent case of *Morrey v. Morrey,* 24 Ill.App.3d 77, 320 N.E.2d 503 (1974). In that case the wife was granted a divorce and the husband was ordered to pay certain sums by way of alimony for the wife and support for three minor children. The husband was ordered to pay the wife's attorney the sum of $800.

Subsequently the husband filed a petition in bankruptcy which resulted in the discharge of his debts. Thereafter he sought to enjoin the attorney from further attempting to collect the fees allowed in the divorce action. The Circuit Court of Cook County granted an injunction, but the Illinois Appellate Court reversed on the basis of an earlier decision covering the same question written by then-District Judge Walter C. Lindely. In *Merriman v. Hawbaker,* 5 F.Supp. 432

* The Honorable Francis C. Whelan, United States District Judge for the Central District of California, is sitting by designation.

(E.D.Ill.1934), Judge Lindley held that an award of attorney fees under section 40.16, Illinois Revised Statutes, a part of the Illinois Divorce Act, had the essential elements of alimony and that the amount of the award was a nondischargeable debt. Judge Lindley wrote:

It is obvious, under the legal principles hereinbefore set forth and the statute quoted, that it was the intent of the Legislature that an order allowing to the plaintiff money for her solicitors' fees should be treated in exactly the same manner, stand upon the same footing, and have actually the same legal characterization and qualities as an allowance for money to buy food or groceries. All legislation in this respect springs out of the universally recognized duty of a husband to support his wife. The allowance to her for solicitors' fees is based upon the same underlying thought as is an allowance to her to buy food, shelter, and clothing. It is fixed within the discretion of the court. It is enforceable by contempt. It is allowed to the wife and not to the counsel. . . . It is not a lien upon real estate unless so ordered by the court. It is in the nature of a fine or penalty assessed by the court in the enforcement of the husband's duty. It has obviously all the qualities of an allowance for support commonly termed "alimony." A judgment for alimony being nondischargeable, it follows that an order to pay the wife her solicitors' fees is likewise undischargeable.

The bankrupt attempts to avoid the impact of the *Morrey* and *Merriman* decisions by referring to a recent amendment to the Illinois Divorce Act. Section 16, Ill.Rev.Stat., C. 40, § 16, was changed so as to authorize the divorce court to make the attorney fees payable either to the wife or directly to her attorney at the court's discretion. Despite the holdings in the above cases, the bankrupt argues that when the attorney fees are ordered payable directly to the attorney, this changes the nature of the obligation and that the award can no

longer be considered alimony. We are not persuaded. Whether the fees are payable to the wife or to her attorney they more or less represent funds for the satisfaction of the wife's obligation to pay her lawyer and the rationale of the decision in *Merriman* therefore applies. The award is to her regardless of the method of payment. For similar holdings in other jurisdictions *see Jones v. Tyson,* 518 F.2d 678 (9th Cir., 1975); *Reeves v. Andersen,* 89 Idaho 512, 406 P.2d 812 (1965); *Allison v. Allison,* 150 Colo. 377, 372 P.2d 946 (1962). *Compare Nichols v. Hensler, supra,* p. 309.

The denial of plaintiff's complaint for nondischargeability of debt is reversed.