In re John Clinton BIRDSEYE, Bankrupt.

BRODY AND BRODY, Plaintiff-Appellee,

v.

John Clinton BIRDSEYE, Defendant-Appellant.

No. 76–1008.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Nov. 19, 1976.

Decided Jan. 20, 1977.

Harry Sobol, Denver, Colo. (Sobol & Sobol, a Professional Corp., Denver, Colo., on the brief), for plaintiff-appellee.

Cheryl L. Turk, Denver, Colo. (Charles D. Burg, Denver, Colo., on the brief), for defendant-appellant.

Before LEWIS, Chief Judge, and McWILLIAMS and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

The issue presented is whether an award of attorney fees made in a Connecticut divorce proceeding is a non-dischargeable debt under 11 U.S.C. § 35(a)(2) in bankruptcy proceedings later brought in the United States District Court for the District of Colorado by the debtor-husband. The district court held that the debt was not dischargeable in the present bankruptcy proceedings and the bankrupt now appeals. We affirm.

The controlling question is whether under Connecticut law an award of attorney fees is deemed to be in the nature of a property settlement, or whether such award is deemed to be in the nature of alimony and support. If it be the latter, then the debt is non-dischargeable in bankruptcy proceedings. See Schiller v. Cornish (In re Cornish), 529 F.2d 1363 (7th Cir. 1976); Jones v. Tyson (In re Jones), 518 F.2d 678 (9th Cir. 1975); Nunnally v. Nunnally (In re Nunnally), 506 F.2d 1024 (5th Cir. 1975); and Damon v. Damon, 283 F.2d 571 (1st Cir. 1960). See also Collier on Bankruptcy, 14th Ed., Vol. 1A, ¶ 17.18. On the other hand, an obligation created by a property settlement between the parties to a divorce action is dischargeable in bankruptcy. Cox v. Cox (In re Cox), 543 F.2d 1277 (10th Cir. 1976).

The background facts are not in dispute. Brody & Brody, the appellee, is a law firm with offices in Bridgeport, Connecticut. On December 3, 1970, Brody & Brody instituted divorce proceedings on behalf of Alice L. Birdseye against her husband, John C. Birdseye. A decree in divorce was eventually entered on August 1, 1973. In addition to granting a decree in divorce, the Connecticut court ordered Birdseye to pay as alimony the sum of $25 per week; and a similar amount for support of each of the three minor children. It was further ordered that John Birdseye pay as counsel fees the sum of $2,500. There was no property settlement, as such, there apparently being little or no property to divide.

John Birdseye later moved to Colorado, and on December 24, 1974, instituted bankruptcy proceedings in the United States District Court for the District of Colorado. In the bankruptcy proceedings Birdseye listed the debt to Brody & Brody and thereafter, in an adversary proceeding under Bankruptcy Rule 701(7), Brody & Brody contested the dischargeability of the debt. The bankruptcy judge held the debt to be dischargeable on the ground that in his view the Connecticut case law treated an award of attorney fees as a form of property division. He also held that a 1973 amendment to Connecticut statutes, § 46–59, which provided that attorney fees should be awarded in accordance with the respective financial abilities of the parties and in accordance with the criteria set forth in the section of the amendment pertaining to alimony, did not apply since the divorce proceeding between the Birdseyes was insti-

tuted *prior* to the enactment of the 1973 amendment.

On review of the decision of the bankruptcy court, the district court reversed and held that the debt was not dischargeable. Initially, the district court concluded that the 1973 amendment controlled the instant case. In this regard, the district court was of the view that the effective date of the 1973 amendment was May 29, 1973, the day when the 1973 amendment was approved by the Connecticut state legislature. A section of the amendment did provide that the new law relating to dissolution of marriage should apply, *inter alia*, to all actions commenced prior to the date of enactment in which no decree of divorce had as of the date of enactment been rendered. As indicated, the decree of divorce in the instant case was entered on August 1, 1973, several months *after* the enactment of the 1973 amendment.

It was later brought to the attention of the district court that under another provision of the Connecticut statutory law, the effective date of the 1973 amendment was in reality October 1, 1973, some two months *after* the decree in divorce had been entered. The district court agreed that such was the case, but persisted, however, in its reversal of the order of the bankruptcy court and did so on two alternative grounds: (1) that the 1973 amendment, and more particularly section 46–64b thereof, indicated an intent on the part of the Connecticut state legislature that from and after the effective date of the amendment, i. e., October 1, 1973, the substantive provisions of the 1973 amendment should apply to any judicial consideration which involved, even indirectly, a Connecticut divorce proceeding, including those instances where a decree in divorce had been entered prior to the effective date of the amendment; and (2) that even if the 1973 amendment had no application to the present bankruptcy proceeding, under the Connecticut case law as it existed prior to the 1973 amendment, an award of attorney fees was a form of alimony, not of property settlement, and hence was non-dischargeable in

bankruptcy. The latter ground will be considered first.

There is little doubt but that, by the 1973 amendment to the Connecticut statutory law pertaining to the dissolution of marriage, an award of attorney fees is to be deemed as a form of alimony, and not as a form of property settlement. There is nothing in the statute itself to indicate that the 1973 amendment was anything other than a codification of the existing case law on the subject. We do know that as concerns the question of alimony, the Connecticut Supreme Court has indicated the factors to be considered in awarding alimony under the 1973 amendment "parallel those of former case law." *Tobey v. Tobey*, 165 Conn. 742, 345 A.2d 21, footnote 2, page 25 (1974). Was the prior case law on the nature of an award of attorney fees different from that later enunciated in the amendment? The bankruptcy court thought it was while the district court believed it was not. We agree with the district court's analysis of the matter.

The bankrupt, John Birdseye, relies essentially upon three decisions of the Connecticut Supreme Court in support of his position that prior to the 1973 amendment an award of attorney fees in a Connecticut divorce proceeding constituted a property settlement. They are *Steinmann v. Steinmann*, 121 Conn. 498, 186 A. 501 (1936); *Krasnow v. Krasnow*, 140 Conn. 254, 99 A.2d 104 (1953); and *Stoner v. Stoner*, 163 Conn. 345, 307 A.2d 146 (1972). Primary reliance is placed on *Steinmann*.

The particular language in *Steinmann* relied on by Birdseye is as follows:

. . . An allowance to a wife for expenses of litigation in a divorce action had its origin in the complete control which until recent times the husband had over all property, not only that which was his own, but also that which his wife had at the time of the marriage or which she might acquire during coverture. While the changes in the rights of married women now permit them to own property in their own right and largely dispose of it as they will, it still remains true that

usually the control of the property to which the wife looks for support rests with the husband. The basis of the allowance is that she should not be deprived of her rights because she lacks funds which may be supplied from property in which as a wife she has a real interest, but which is usually within the control of the husband. If, however, she possesses property of her own sufficient to pay the expenses of the suit and available for that use, she is not ordinarily entitled to an allowance. . . .

The foregoing language must be read its factual context. In *Steinmann* the defendant husband appealed from an order of the trial court granting his wife a divorce on the grounds of intolerable cruelty, $7,500 as alimony, $3,000 for support of a minor child, and $150 to defend on appeal. The defendant in *Steinmann* contended that the trial court had no power to award $150 to defray expenses to be incurred in defending on appeal to the Connecticut Supreme Court. The language above quoted was used by the Connecticut Supreme Court in support of its holding that the trial court had the power to enter its order concerning counsel fees to be incurred on appeal. Like our district court, we do not read that language to mean that every award of attorney fees is to be treated as a form of property settlement.

In our view, *Krasnow* has more immediacy to our present problem. In *Krasnow*, the trial court granted the husband a divorce, and awarded custody of a minor child to the wife. The husband appealed the custody order, and the trial court granted the wife counsel fees to defray the expense of defending on appeal. The husband then appealed this latter order regarding payment of counsel fees on appeal. *Krasnow* cited *Steinmann* as authority for the awarding of such attorney fees. In *Krasnow* the Connecticut Supreme Court went on to state as follows:

. . . Where, in a divorce action, custody of a minor child is awarded to the wife, and the husband refuses to recognize her right thereto under the decree

and seeks to have the court reverse or modify it, in order to insure that justice is done the court may require that he provide her with the means for her defense, if she is without such means. . . . The fact that there is no statute providing for an allowance in a divorce action is not decisive. The question is whether the power to make an allowance continues after the original decree, regardless of whether that power is inherent in the court, as some of the cases hold, or is granted by statute. *As the jurisdiction of the court to modify the decree in matters of alimony and custody is a continuing one, so too, in reason and justice, is its power to make an allowance when these matters are again in issue after the final decree.*

The interest which the state has in every divorce action, particularly where minor children are involved, is further reason for adopting this procedure in order to insure a full presentation of the case. . . . *Whether to allow counsel fees, and if so in what amount, is a matter which, like the fixing of alimony, calls for the exercise of a judicial discretion.* . . . The court found that the defendant was without funds to pay counsel fees on the appeal and that the plaintiff was financially able to do so. We cannot say, upon the record, that the court abused its discretion in the allowance which it made. (Emphasis added.)

In *Stoner* the trial court, among other things, awarded the wife $2,000 as counsel fees. On appeal the Connecticut Supreme Court cited with approval both *Steinmann* and *Krasnow* as authority for the award of counsel fees. But there is nothing therein to indicate that an award of attorney fees is to be deemed a property settlement.

Our reading, then, of the three Connecticut cases above cited, and particularly our reading of *Krasnow*, leads us to conclude, as did the district court, that the case law in Connecticut prior to the 1973 amendment did not treat attorney fees as a form of property settlement, but, on the contrary, deemed attorney fees to be akin to

alimony. The court in *Krasnow*, for example, referred to the jurisdiction of the trial court to make an allowance of attorney fees as a "continuing" one, just as is the jurisdiction of the trial court to modify alimony and custody orders. It is on this basis that we affirm. To hold to the contrary would, as concerns the instant case, be rather anomalous, since it is agreed that in the decree actually entered in the Connecticut divorce proceeding between the Birdseyes there was *no* property settlement.

 As indicated, then, the Connecticut case law indicates to us that an award of attorney fees in divorce proceedings is in the nature of alimony. However, assuming for the sake of argument that these cases have not definitively resolved the matter, we may in such circumstance properly look to other sources, including the decisions of other states, federal decisions, and the general weight and trend of authority. *Julander v. Ford Motor Company*, 488 F.2d 839 (10th Cir. 1973) and *Cottonwood Mall Shopping Center, Inc. v. Utah Power & Light Co.*, 440 F.2d 36 (10th Cir.), *cert. denied*, 404 U.S. 857, 92 S.Ct. 107, 30 L.Ed.2d 99 (1971). In this connection our resolution of the present controversy is in complete accord with the general rule that attorney fees awarded in a divorce proceeding are treated as a form of alimony, and not dischargeable in a bankruptcy proceeding. For illustrative cases so holding, *see Schiller v. Cornish* (*In re Cornish*), 529 F.2d 1363 (7th Cir. 1976); *Jones v. Tyson* (*In re Jones*), 518 F.2d 678 (9th Cir. 1975); *Nunnally v. Nunnally* (*In re Nunnally*), 506 F.2d 1024 (5th Cir. 1975); and *Damon v. Damon*, 283 F.2d 571 (1st Cir. 1960). Our attention has not been directed to any reported decision holding that an award of attorney fees in a divorce proceeding is later dischargeable in bankruptcy proceedings involving the debtor.

Since we are resolving this appeal on the ground that even before the 1973 amendment, attorney fees under Connecticut case law were a form of alimony, we need not here concern ourselves with the additional ground given by the district court for its ruling, i. e., that the Connecticut legislature by the 1973 amendment intended that the substantive provisions of the amendment should apply to collateral judicial proceedings, such as the present bankruptcy proceeding, held subsequent to the effective date of the 1973 amendment.

In this Court, though in neither the bankruptcy court nor the district court, the bankrupt challenges the propriety of the law firm's, as opposed to the ex-wife's, objecting to the discharge of the debt. As the issue was not raised below, we elect not to consider it for the first time on appeal. *International Union of Operating Engineers, Local 953 v. Central National Life Insurance Co.*, 501 F.2d 902 (10th Cir. 1974), *cert. denied*, 420 U.S. 926, 95 S.Ct. 1123, 43 L.Ed.2d 397 (1975). We do note that in two of the cases above cited, the law firm and not the ex-wife was the party objecting to the discharge. *See Schiller v. Cornish* (*In re Cornish*), 529 F.2d 1363 (7th Cir. 1976) and *Nunnally v. Nunnally* (*In re Nunnally*), 506 F.2d 1024 (5th Cir. 1975). In *Cornish* the Seventh Circuit held that the fact that the debt was ordered to be paid directly to the attorney rather than to the wife was irrelevant to the characterization of the award as alimony.

Judgment affirmed.