**In re Donald PELIKANT, Debtor.**

**Harold RICHTER, Plaintiff,**

v.

**Donald PELIKANT, Defendant.**

**Bankruptcy No. 80 B 2791.
Adv. No. 80 A 722.**

United States Bankruptcy Court,
N. D. Illinois, E. D.

Aug. 4, 1980.

Kevin M. Myles of Goldberg, Fohrman & Weisman, Ltd., Chicago, Ill., for debtor.

## ORDER

LAWRENCE FISHER, Bankruptcy Judge.

This matter coming on to be heard upon the Complaint of HAROLD RICHTER, Creditor of the above-named Debtor, pursuant to Bankruptcy Rule 409(a) to determine the dischargeability of debt claimed to be nondischargeable pursuant to Clause Five of Section 523(a) of the Bankruptcy Code, and upon Debtor's Answer thereto, and upon Debtor's Motion for Summary Judgment, and

The Court having examined the pleadings filed in this matter, and having received and examined the Memorandum in Support of Defendant's Motion for Summary Judgment, and the Court being fully advised in the premises;

The Court Finds:

1. On September 20, 1974, a Decree for Divorce was entered in the Circuit Court of Cook County, Illinois, County Department, Chancery, Divorce Division, Case No. 74 D 5687 entitled Debra Pelikant vs. Donald Pelikant. Said Decree for Divorce incorporated by reference a Stipulation entered into by the parties which provided in part as follows:

"   .   .   .

5. Defendant shall pay to MARAGOS RICHTER & RUSSELL, Plaintiff's attorney, the sum of $500.00 as and for additional attorneys' fees.

.   .   ."

2. Ill.Rev.Stat. ch. 40, § 16, which was in force at the time of the entry of the aforesaid Decree for Divorce, provided in pertinent part as follows:

"In all cases of divorce the court at any time after service of summons and proper notice to the husband or wife may require the husband to pay to the wife or pay into the court for her use or may require the wife to pay to the husband or pay into court for his use during the pendency

of the suit such sum or sums of money as may enable her or him to maintain or defend the suit; and in every suit for a divorce the wife or the husband when it is just and equitable, shall be entitled to alimony during the pendency of the suit, provided that no order or decree for alimony shall be entered until the court has determined from evidence the condition in life of the parties and their circumstances. The court may, in its discretion reserve the question of the allowance of attorney's fees and suit money until the final hearing of the case and may then make such order with reference thereto as may seem just and equitable, regardless of the disposition of the case. . .

.  .  .  .  .

In all actions for divorce in which the court grants to the wife or husband, as the case may be, attorney's fees in the prosecution or defense of the action, as the case may be, such fees may, in the discretion of the court, be made payable in whole or in part, to the attorney entitled thereto, and judgment may be entered and execution levied accordingly. .  .  ."

3. On March 7, 1980, DONALD PELIKANT filed his voluntary petition in bankruptcy herein.

4. To date, DONALD PELIKANT has paid to HAROLD RICHTER on account of the award of attorney's fees embodied in the aforesaid Decree of Divorce the sum of $199.54, leaving a balance due of $300.46.

The Court Concludes and Further Finds:

1. § 523(a) of the Bankruptcy Code provides in pertinent part as follows:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

.  .  .  .  .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

.  .  ."

2. The Seventh Circuit Court of Appeals, interpreting the predecessor to the above quoted section in *In re Cornish*, 529 F.2d 1363 (7th Cir. 1976), held that an award of attorney's fees under Ill.Rev.Stat. ch. 40, § 16 was nondischargeable as a liability for "alimony due or to become due, or for maintenance or support of wife or child." Other jurisdictions have reached a similar conclusion. *See In re Jones*, 518 F.2d 678 (9th Cir. 1975); *In re Nunnally*, 506 F.2d 1024 (5th Cir. 1975); *Damon v. Damon*, 283 F.2d 571 (1st Cir. 1960). The Seventh Circuit held that the fees constituted a nondischargeable debt whether payable to the wife or to her attorney. *In re Cornish, supra* at 1365.

Debtor, DONALD PELIKANT, contends that *Cornish* is no longer good law, since it was decided on the basis of Illinois law and the legislative history of § 523(a)(5) makes it clear that bankruptcy law, not state law, will determine what constitutes alimony, maintenance, or support. Debtor's contention is without merit. While the legislative history indicates that the determination whether an award constitutes alimony shall be made with reference to a federal standard, nothing in the legislative history suggests that state law shall play no part in making that determination.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 364 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6320 states as follows: ". . . What constitutes alimony, maintenance, or support, will be determined under the bankruptcy laws, not State law. Thus, cases such as *In re Waller*, 494 F.2d 447 (6th Cir. 1974) . . . are overruled . . ."

In *Waller*, the bankrupt petitioned the court to reopen his bankruptcy case and to enjoin his ex-wife from enforcing a divorce decree which provided, *inter alia*, that the husband pay and hold the wife absolutely harmless from all existing obligations. The bankruptcy court reopened the case, granting a temporary injunction, and the district court affirmed. The Sixth Circuit Court of Appeals reversed, finding that the obligation to hold the former wife harmless on existing debts constituted alimony, maintenance, or support and had therefore not been discharged in the husband's bankruptcy. The court stated that "[t]he law of Ohio must be resorted to in order to determine what constitutes alimony, maintenance or support . . .", *In re Waller, supra* at 448, and noted that in Ohio the statutory definition of alimony was very broad indeed. *Id.* at 450.

If a state were to define "alimony" as including division of property, then under the reasoning in *Waller*, an award representing division of property would arguably be nondischargeable in bankruptcy. Bankruptcy Judge Lee stated, in *Bankruptcy Act Revision: Hearings on H.R. 31 and H.R. 32 Before the Subcomm. on Civil and Constitutional Rights of the House Comm. on the Judiciary*, 94th Cong., 2d Sess. 1309 (1976):

> "The Sixth Circuit Court of Appeals in effect ruled that the word 'alimony' as used in the Federal statute is to be determined by the definition of that term appearing in the Ohio statutes and by reference state case law interpreting the Ohio statute."

Judge Lee suggested that one possible solution to the problem would be the inclusion of a definition of the term "alimony" in the proposed Bankruptcy Code. *Id.* at 1310. While no such definition was included in the Bankruptcy Code as finally enacted, the definition of "alimony" within the purview of the exception to dischargeability is firmly established by case law:

> "It is well settled that '[a]limony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife,' [*Audubon v. Shufeldt*, 181 U.S. 575, 577, 21 S.Ct. 735, 736, 45 L.Ed. 1009 (1901)] and it is the obligation based on this duty which is saved from discharge in bankruptcy by Section 17, sub. a(2) of the Act. *Wetmore v. Markoe*, 196 U.S. 68, 76, 25 S.Ct. 172, 49 L.Ed. 390 (1904)."

*Norris v. Norris*, 324 F.2d 826, 828 (9th Cir. 1963). *See Nichols v. Hensler*, 528 F.2d 304, 307 (7th Cir. 1976); *In re Jones, supra* at 680; *In re Nunnally, supra* at 1026–27; *Damon v. Damon, supra* at 573.

While federal law provides the definition of "alimony" for purposes of dischargeability, it is often necessary to look to state law to determine whether a given award fits within that definition. In *Nichols v. Hensler, supra*, the Seventh Circuit Court of Appeals considered whether an obligation to make payments labelled "alimony" in an Indiana divorce decree were dischargeable in bankruptcy. The court began by stating that alimony for purposes of § 17a(7) of the Bankruptcy Act means "payments in the nature of support for a former spouse." *Id.* at 307. The court went on to examine Indiana law to determine whether the award in question was based upon such considerations as earning capacity or need for support. *Id.* at 307–08.

The same approach was followed in *Cornish*. The court quoted the above definition of "alimony" from *Nichols v. Hensler, supra*, and then examined Illinois law to determine whether an award of attorney's fees under Ill.Rev.Stat. ch. 40, § 16 fit within that definition. The court quoted from an early case describing the nature of an attorney's fee award under the statute:

> " 'It is obvious, under the legal principles hereinbefore set forth and the statute quoted, that it was the intent of the Legislature that an order allowing to the plaintiff money for her solicitors' fees should be treated in exactly the same manner, stand upon the same footing, and have actually the same legal characterization and qualities as an allowance for money to buy food or groceries. All

legislation in this respect springs out of the universally recognized duty of a husband to support his wife. . . .'" (citing *Merriman v. Hawbaker*, 5 F.Supp. 432 (E.D.Ill.1934))

Since an award of attorney's fees under the Illinois statute is based upon the husband's duty to support his wife, the court held that such an award falls within the definition of "alimony" for purposes of dischargeability, regardless whether the fees are payable to the wife or her attorney.

 3. Debtor further contends that the attorney's fee, payable under the Decree to Plaintiff rather than to Debtor's former wife, constitutes a debt ". . . assigned to another entity, voluntarily, by operation of law, or otherwise" within the purview of § 523(a)(5)(A) and is therefore dischargeable in bankruptcy. This exception to nondischargeability was not intended to cover the instant situation, as the legislative history makes clear:

> "Debts related to child support obligations and marital property settlements also are not exempted from discharge. § 4–506(a)(6) of H.R. 31 and H.R. 32 perpetuate this exemption, although the latter version is more narrowly drawn. Unfortunately, neither bill clearly states that this exception to discharge does not extend to state welfare department liens. This exemption should be a narrow one, benefitting only the expressed beneficiaries, not governmental entities like the welfare department . . . [W]e urge the adoption of H.R. 32 § 4–506(a)(6) with redrafting to insure the intended results."

*Bankruptcy Act Revision: Hearing on H.R. 31 and H.R. 32 Before the Subcomm. on Civil and Constitutional Rights of the House Comm. on the Judiciary*, 94th Cong., 1st and 2d Sess. 942 (1975–76). The conclusion urged by Debtor is clearly not one of the intended results.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant is not entitled to judgment as a matter of law and that his Motion for Summary Judgment be, and the same is hereby denied.

IT IS FURTHER ORDERED that the trial upon the Complaint and the Answer thereto be, and the same is hereby set for October 6, 1980, at the hour of 2:00 o'clock p. m., Courtroom 1670, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois.