William B. RICHARDS, Appellee,

v.

Blago LONCAR, Appellant.

Nos. 81 C 662, 80 B 6844.

United States District Court,
N. D. Illinois, E. D.

Aug. 7, 1981.

Raymond Jordan, Chicago, Ill., for appellee.

Sanford Kahn, Chicago, Ill., for appellant.

## MEMORANDUM OPINION

GRADY, District Judge.

This cause comes before the court on the appeal of Blago Loncar from an order of the bankruptcy court that his obligation to pay attorney's fees owed to William Richards in connection with Richards' representation of Anna Loncar in her divorce from Blago Loncar is not dischargeable in bankruptcy. For reasons discussed below, the bankruptcy court is affirmed.

*FACTS*

Blago and Anna Loncar were divorced in August 1976 pursuant to a decree entered in the Circuit Court of Cook County, Illinois. A supplemental judgment was entered regarding the property settlement and alimony on April 6, 1978, and on April 20, 1978, an order was entered which provided in part that in view of the relative financial resources of the parties, Blago Loncar was to pay to William Richards, attorney for Anna Loncar, fees in the amount of $6,500.00. The fees were payable directly to Richards.

On June 4, 1980, Blago Loncar filed a voluntary petition in bankruptcy, listing among other debts the $6,500.00 as yet unpaid to Richards for his attorney's fees in connection with the divorce. The bankruptcy court, Fisher J., presiding, found that Blago Loncar's obligation to pay these fees to Richards was "in the nature of alimony" and not dischargeable under the reformed Bankruptcy Act, 11 U.S.C. § 523(a) (reformed 1979), notwithstanding the fact that

the fees were not payable directly to Anna Loncar.

## DISCUSSION

█ The issue in this case can be simply stated: Is a bankrupt's obligation to pay attorneys' fees of a spouse's divorce counsel, which fees are to be paid directly to the attorney, a dischargeable debt under the reformed Bankruptcy Act of 1979? We hold that such a debt is in the "nature of alimony," or support which directly benefits the spouse, and is therefore non-dischargeable notwithstanding the fact that it is to be paid directly to the attorney.

The Bankruptcy Act, 11 U.S.C. § 523(a)(5) was reformed effective October 1979 ("new Act"). The language of this section of the statute was significantly altered from that of the old Bankruptcy Act ("old Act"). Under the old Act, the corresponding section, 11 U.S.C. § 35(a)(7), provided that a "discharge in bankruptcy . . . release[d] a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . one for alimony due or to become due, or for the maintenance or support of wife or child . . . ." Cases decided under this section of the old Act uniformly held that attorney's fees payable to a spouse's divorce counsel were "alimony" and therefore non-dischargeable.

The new Act was concerned with the problem of spouses assigning their interest in such payments to third parties, thereby defeating the purpose of discharging the bankrupt from all obligations other than those necessary for the direct support of the spouse. Therefore, the reformed code, § 523(a)(5) reads as follows:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt

\* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or
(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

The petitioner argues that the language of the statute along with the legislative history makes clear that the only non-dischargeable debts under this section are those obligations paid *directly to the spouse* as alimony, support or maintenance. In effect, argues petitioner, Anna Loncar assigned her right to attorneys' fees to Richards and therefore the debt to Richards is dischargeable.

We are able to find only four cases which have dealt with this issue since the passage of the new Act. These bankruptcy courts are evenly split; two have held that this type of debt is dischargeable, and two have held that it is not. *Compare In the Matter of Spong*, 3 B.R. 619 (Bkrtcy.W.D.N.Y.1980) (dischargeable) *and In re Allen*, 4 B.R. 617 (Bkrtcy.E.D.Tenn.1980) (dischargeable) *with In re Bell*, 5 B.R. 653 (Bkrtcy.W.D. Okla.1980) (non-dischargeable) *and Pelikant v. Richter*, 5 B.R. 404 (Bkrtcy.N.D.Ill.1980) (non-dischargeable) (Fisher, Bankruptcy Judge).

We are not persuaded by petitioner's interpretation of the new Bankruptcy Act, nor by the reasoning—or lack thereof—found in the cases he cites. First, we do not believe the new Act mandates that only alimony payments *directly* payable to the spouse are dischargeable.[1] Second, there is

---

1. Petitioner argues that his ex-wife "assigned" her right to the attorney's fees to the attorney, and therefore the obligation is dischargeable under § 523(a)(5)(A). There was clearly no such assignment by Mrs. Loncar in this case. The Illinois courts have discretion to decide whether the attorney's fees to which a spouse is entitled will be paid directly to the spouse, or

directly to the attorney. Ill.Rev.Stat. ch. 40, § 508(b). Here, the fees were ordered to be paid directly to the attorney. Regardless of which person the fees are paid to, the legal entitlement of the spouse to the fees, and the nature of the obligation, remain the same. *See Matter of Cornish*, 529 F.2d 1363, 1365 (7th Cir. 1976).

no indication in the legislative history that Congress intended to effect such a fundamental change in the prevailing interpretation of attorney's fees as non-dischargeable alimony payments.

Section 523(a) of the new Bankruptcy Act obviously exempts from discharge the alimony, maintenance or support payments directly payable to the former spouse. However, Section 523(a)(5)(B) provides in addition that those debts "*in the nature of* alimony, support or maintenance" are non-dischargeable. (Emphasis supplied). We are unwilling to read this provision as merely reiterating that only payments directly payable to the spouse are dischargeable; § 523(a)(5)(B) would be merely redundant of § 523(a). "[I]t would be a strained 'dead letter of the law' construction to make non-dischargeable *only* alimony, maintenance or support owed directly to a spouse or dependent, and perfunctorily render dischargeable all debts involving third parties." (Emphasis original). *In re Bell*, 5 B.R. at 655.

At oral argument, counsel for Blago Loncar stressed the language "*to* a spouse . . ." in the amended Act, as well as the legislative history cited herein, as indicating an intent to make dischargeable any fees directly payable "to" an attorney, notwithstanding the fact that the fees are for the benefit of the spouse and children. We do not believe that the congressional history supports such a drastic change in the law—a change that would effectively deprive dependent spouses and children of legal representation in many cases.[2] While we agree that Congress' primary intention was to make only those obligations directly payable to the spouse non-dischargeable, it clearly contemplated that there would be non-dischargeable debts which are not payable directly to the spouse but are nonetheless meant for the support of the spouse, *i. e.,* an agreement by the debtor (bankrupt)

to hold a spouse harmless on joint debts to third parties is non-dischargeable to the extent that the agreement is actually alimony and not a part of the property settlement. S.Rep. No. 95–989, 9th Cong., 2d Sess., (1978) at p. 79; H.Rep. No. 95–595, 95th Cong., 1st Sess. (1977), at p. 364 reprinted in [1978] U.S.Code Cong. & Admin.News 5787, 6320 (hereinafter "S.Rep.," "H.Rep.," or "legislative reports").

To construe the new Act as arbitrarily exempting from discharge only those alimony payments directly payable to the spouse thus not only runs counter to the prevailing law on dischargeability of attorney's fees at the time the new Act was passed, but elevates the formalistic language of one paragraph of § 523 over a reasonable interpretation of that section as a whole. The consequence of the construction urged by petitioner could easily be avoided by a divorce decree structuring the divorce settlement so that the attorney's fees are payable directly to the spouse, who is then ordered to pay that amount to the attorney. While such a settlement would not change the nature of the obligation of the debtor/bankrupt, it is obvious that the risk that the attorney will not receive his fee is unnecessarily increased. *See Matter of Cornish*, 520 F.2d at 1365. *See* n. 2.

Having rejected the argument that the new Act automatically discharges all payments owed to third parties arising out of a divorce settlement, we now turn to the question of whether the payment owed to the third party in this case is in the nature of alimony and therefore non-dischargeable.

The legislative history of the new Bankruptcy Act indicates a Congressional intent that "[W]hat constitutes alimony, maintenance or support will be determined by bankruptcy law, not State law." H.Rep., *supra.* Although the obligations that constitute alimony are not defined in

2. Where the client is indigent, *e. g.,* a housewife with no independent source of income, an attorney whose fee could be discharged in bankruptcy unless the fee payment is first made to his or her client could reasonably expect to encounter serious collection problems. It is difficult to imagine a more effective deterrent

to the continued participation of privately retained attorneys in domestic relations cases, a large number of which present a situation in which the attorney for one spouse must look to the other spouse as the only practical source of fees.

the Act, there is evidence of an intent to narrow somewhat the alimony-support exception to bankruptcy discharge. The legislative history indicates that Congress desired to discharge the debtor from liabilities owed by the spouse to third-party creditors which became obligations of the bankrupt by reason of the property settlement, or which were unconnected with the divorce in any manner. For example, the legislative reports cite with approval the case of *Fife v. Fife*, 1 Utah 2d 281, 265 P.2d 642 (1954), where the court held that obligations arising out of liens of third parties with regard to property given to the former spouse are not in the nature of alimony and are not intended for the support of the spouse. Therefore, such obligations are dischargeable. Contrast the legislature's disapproval of *In re Waller*, 494 F.2d 447 (6th Cir. 1974), where the court held that similar obligations constituted alimony and were therefore not dischargeable. As discussed above, *supra*, pp. 277–278, the legislature specifically differentiated between obligations arising out of a property settlement and those which are in the nature of alimony; the latter are not dischargeable.

It is clear that while the overall intent of Congress in reforming the bankruptcy act may have been to allow the bankrupt a "fresh start," this was not to be at the expense of a needy spouse. The policy of the new Bankruptcy Act is therefore similar to the old Act in that payments to third parties which are necessary for the support of the spouse are expressly made non-dischargeable. It is appropriate to examine cases decided under the old Act and state court cases [3] as well in order to determine whether attorney's fees are characterized as alimony.

█ The Seventh Circuit is only one of many courts that held under the old Bankruptcy Act that attorney's fees awarded to a spouse in an Illinois divorce but paid directly to the attorney are "in the nature of alimony" and non-dischargeable. *Matter of Cornish*, 529 F.2d 1363 (7th Cir. 1976). *See also Matter of Steingesser*, 602 F.2d 36 (2nd Cir. 1979); *In re Birdseye*, 548 F.2d 321 (10th Cir. 1977). The criteria for determining whose obligations the attorney's fees will be in a divorce action is similar to the criteria for determining whether a spouse is entitled to alimony: the court must consider the financial resources of the parties. *Compare* Ill.Rev.Stat. ch. 40, § 504 (alimony), *with* Ill.Rev.Stat. ch. 40, § 508 (attorney's fees). *See also Held v. Held*, 73 Ill. App.3d 561, 29 Ill.Dec. 612, 616, 392 N.E.2d 169, 173 (1979). Unlike obligations to other third-party creditors, "[t]he allowance to (her) for solicitors' fees is based upon the same underlying thought as is an allowance to (her) to buy food, shelter, and clothing . . . . It has obviously all the qualities of an allowance for support commonly termed 'alimony.'" *Merriman v. Hawbaker*, 5 F.Supp. 432 (E.D.Ill.1934), *quoted in Cornish*, 529 F.2d at 1365. The award of attorney's fees is directly occasioned by the divorce, insures that the spouse's rights are protected in the divorce proceeding and thus is a necessary aid to the spouse for obtaining alimony, support and maintenance. *See discussion in In re Christ*, 632 F.2d 1226, 1229–30 (5th Cir. 1980); *In re Evan*, 2 B.R. 85, 91 (Bkrtcy.W.D.Mo.1979) (both cases decided under the old Act).

We hold that the obligation to pay attorney's fees for an attorney's representation of a former spouse in connection with a divorce proceeding constitutes an obligation in the nature of alimony, maintenance or support of the former spouse, regardless of whether the fees are to be paid directly to the spouse or directly to the attorney. Therefore, the obligation to pay such fees is

---

**3.** We recognize that the new Act makes the application of § 523(a)(5) a matter of federal bankruptcy law. However, this court's determination "can but be flavored by the state law development in judging whether 'liability is actually in the nature of alimony, maintenance or support' since all such domestic relations law is of state origin." *In re Bell*, 5 B.R. at 655. *See also In re Allen*, 4 B.R. at 620 ("Although this Court is not bound by State law as to what constitutes alimony, support or maintenance, it can look to State law to determine the purpose of such payments."). Congress itself referred to a state court case when describing the types of obligations that did not constitute alimony. *See Fife v. Fife.*

not dischargeable under the new Bankruptcy Act, even if the fees are to be paid directly to the attorney.

The decision of the bankruptcy court is affirmed.