**In re Richard Gerald STACHOWIAK, Debtor.**

**Leila Jill (Stachowiak) ROBERTS, Plaintiff,**

v.

**Richard Gerald STACHOWIAK, Defendant.**

**and**

**WASHOE LEGAL SERVICES, Plaintiff,**

v.

**Richard Gerald STACHOWIAK, Defendant.**

Bankruptcy No. 80–00824.
Adversary Nos. 81–0025, 81–0026.

United States Bankruptcy Court, D. Nevada.

Jan. 11, 1982.

Washoe Legal Services by Charles R. Zeh, and Bruce L. Bevacqua, Sparks, Nev., for plaintiffs.

Sylvia J. Thompson, Reno, Nev., for defendant.

OPINION AND DECISION

BERT M. GOLDWATER, Bankruptcy Judge.

In these consolidated adversary cases the former spouse of debtor (Roberts) and her legal counsel seek to have their debts declared nondischargeable under 11 U.S.C. § 523(a)(5) upon the ground that the debts are in the nature of alimony, maintenance and support.

The parties were divorced July 13, 1978. Before the divorce, the parties entered into an oral agreement which provided for the

distribution of their assets. Their oral agreement was set forth by the State court in a combination order called "Findings of Fact, Conclusions of Law, Judgment and Decree of Divorce".

The findings recite the terms of the oral agreement in part as follows:

8.b. With respect to the premises situated at 3501 Zion Lane, Reno, Nevada, an F.H.A. appraisal indicates a selling price of $57,000. Against this, it is agreed to allow the plaintiff $3,000 for the estimated costs of repairs to the property, giving a net figure of $54,000. Against this, further, the parties agree to apply the $400 in remaining medical bills, which plaintiff agrees he should be ordered to pay. The balance of the figure, after deducting the current remaining balance of the first mortgage on the premises, is to be apportioned as follows:

a. The plaintiff is to remit to the defendant, immediately, $12,241.18, payable in cash.

b. If the plaintiff has retained ownership of the premises as of January 15, 1979, or sells the house prior to that date without payment of a 7% broker's fee, the plaintiff shall pay to the defendant as (sic) additional $3,419, no later than February 15, 1979.

c. If the plaintiff sells the premises through a broker and is charged the 7% broker's or realtor's fee, prior to January 15, 1979, the figure of $12,241.18 is the entire amount plaintiff owes to the defendant as her share of the community property interest in the premises situated at 3501 Zion Lane, Reno, Nevada.

Defendant-debtor sold the house prior to January 15, 1979 without a broker's fee but failed to pay the agreed $3,419. The State court, on an order to show cause, entered judgment against debtor for $3,419 and $400 attorney's fees on August 21, 1981.

If Roberts' claim is nondischargeable, so too is the claim of the attorney, although ordered to be paid directly to the attorney not to the former spouse. *Richards v. Loncar*, 14 B.R. 276, 8 B.C.D. 111 (D.C., N.D.Ill. 1981).

The former spouse has for many years been afflicted with epilepsy and under treatment with various medications. At the time of the divorce, she had no income, was unskilled and unemployable and was living in low income hotels called "flop houses". Her attorney was from Washoe Legal Services which is funded to provide low income (below poverty level) persons with legal services.

Nevertheless, the decree of divorce arising out of the oral agreement did not provide support in the nature of alimony or maintenance. The amount to be paid under the decree was an amount geared to, and strictly measured by, a one-half interest in the community property appraised value of a house, less specific amounts for repairs, medical bills, balance of first mortgage and the allowance or denial of $3,419 conditioned upon sale of the house on or before a certain date without payment of a broker's fee. The three children of the marriage were under the care of the county and state welfare departments and there were no custody or support orders as to the children included in the decree.

The arrangement fails to meet any of the tests as to support. It does not provide for a stream of payment obligations which terminates on death or remarriage or death of the paying spouse, and it in no way appears related or intended for the economic safety and future of the wife. In fact, $3,419 of the debt was not to be paid if a real estate broker made the sale for a 7% commission. *See In re Albin*, 591 F.2d 94 (9th Cir. 1979); *Ferradino v. Ferradino (In re Ferradino)*, 14 B.R. 196 (Bkrtcy.D.Nev.1981).

True, the lump sum of $12,241.18 in cash paid pursuant to the decree was used by the spouse for her support. However, it was not, in any sense, an amount outside and separate and apart from property disposition ordered to be paid by the husband for the support and care of his wife.

In Nevada, the Court, in granting a *divorce* (a) *may* award alimony in a principal sum or specified period payments, and (b)

*shall* make disposition of the community property of the parties. NRS 125.150. The oral agreement of the parties ordered performed by divorce court provided for the disposition of the community property mandated by the statute.[1]

Let judgment be entered that the claims of plaintiff former wife and her attorneys are discharged.

---

1. The divorce court did not in the decree order the husband spouse to pay attorney's fees and costs. Each spouse was "to assume their respective fees and costs herein".