In re Douglas M. BODREY and Betty Bodrey, Debtors.

Douglas M. BODREY, Plaintiff,

v.

Kay Nipper BODREY, Defendant.

Bankruptcy No. 382-02167.
Adv. No. 382-0615.

United States District Court,
M.D. Tennessee.

June 15, 1983.

Order July 13, 1983.

Wm. Bracken Ingram, Nashville, Tenn., for plaintiff.

Linda W. Knight, Martin & Cochran, Nashville, Tenn., for defendant.

ORDER

WISEMAN, District Judge.

After review of the findings of fact and conclusions of law contained in the report of the standing master, IT IS ORDERED that the report of the standing master is approved.   THEREFORE, IT IS ORDERED that the continuing monthly payments for alimony and support contained in the 1979 and 1981 state court decrees are properly characterized as alimony, maintenance and support for the debtor's former spouse and thus are not dischargeable in bankruptcy under 11 U.S.C.A. § 523(a)(5) (West 1979).

IT IS FURTHER ORDERED that the accrued attorneys' fees in the amount of $2,486 incurred by the defendant in seeking to enforce the state court awards of alimony are not dischargeable under 11 U.S.C.A. § 523(a)(5) (West 1979).

IT IS SO ORDERED.

## REPORT AND NOTICE

KEITH M. LUNDIN, Bankruptcy Judge, Standing Master.

Pursuant to Rule 53(e)(1), Federal Rules of Civil Procedure, the standing master submits this proposed order and report to the United States District Court for the Middle District of Tennessee with the recommendation that this proposed order and report be approved. Notice is hereby given that all parties in interest have 10 days within which to file objections to this report with the Bankruptcy Court Clerk designated under Administrative Order No. 28–3 as the Clerk for the United States District Court for the Middle District of Tennessee.

### REPORT OF STANDING MASTER [1]

■ This is a case under 11 U.S.C.A. § 523(a)(5) (West 1979) in which the debtor seeks to discharge state court judgments in favor of his ex-spouse. Counsel for both parties have ably presented affidavits, copies of documents from the state court proceedings in Georgia, excerpts from transcripts of proof presented to the state court, arguments and citations of authority. From all of the evidence, it appears that the continuing obligations and the accrued arrearages, including the unpaid award of attorneys' fees, are properly characterized as alimony, maintenance and support for the debtor's former spouse and thus are not dischargeable in bankruptcy under § 523(a)(5).

This court is constrained to apply the criteria set forth in *Benz v. Nelson*, 16 B.R. 658 (Bkrtcy.M.D.Tenn.1981) *rev'd. in part*, 20 B.R. 1008 (M.D.Tenn.1982) and *Vickers v. Vickers*, 24 B.R. 112 (Bkrtcy.M.D.Tenn. 1982).

The debtor's obligations created in the state court decrees of September, 1979 and May, 1981 are denominated by the state court as "periodic alimony." In the 1979 decree, the debtor is ordered to "pay to the defendant *for her support and maintenance* the sum of $1,000 per month as periodic alimony payments" (emphasis added). The support portions of the original state court divorce decree are physically separate and distinct from the special provisions for division of the parties' property. Though this court is not bound by the state court's characterization of the award, the exhibits submitted by the defendant reveal that the issues of need, support and maintenance were fully addressed by the state court and the relative earning power of the parties was considered. The proof indicates that at the time of the divorce the debtor had been married to the defendant for 18 years and had one young child. Some seven years prior to the divorce, the debtor's ex-spouse had ceased working and had depended fully on the debtor for support. The debtor had

---

**1.** Following the Supreme Court's invalidation of the jurisdictional provisions of § 241(a) of the Bankruptcy Reform Act of 1978 in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and the expiration of the stay without intervening Congressional action, the Judicial Council for the United States Court of Appeals for the Sixth Circuit promulgated an "emergency rule" which was adopted by the United States District Court for the Middle District of Tennessee on December 24, 1982. *In re Administration of the Bankruptcy System*, Adm. Order No. 28(a) (M.D.Tenn. Dec. 24, 1982). This court subsequently declared the "emergency rule" unconstitutional and held that the district courts were without jurisdiction to entertain bankruptcy cases. *In re Conley*, 26 B.R. 885 (Bkrtcy.M.D.Tenn.1983). Thereafter, the United States District Court for the Middle District of Tennessee ruled that bankruptcy jurisdiction continued in the district courts, but that the "emergency rule" was invalid. *Walter E. Heller and Co. Southeast, Inc. v. Matlock Trailer Corp.*, 27 B.R. 318, 323 (M.D.Tenn.1983). Administrative Order No. 28 was withdrawn and by subsequent administrative orders, the Bankruptcy Judges for the Middle District of Tennessee were appointed standing masters to administer bankruptcy cases referred to them pursuant to Rule 53 of the Federal Rules of Civil Procedure. This case was referred to the standing master on March 30, 1983.

a good job and a substantial income at the time of the divorce. The defendant had no job and no income or other resources for support. The obligation created by the state court decree terminates on death or remarriage rather than upon the payment of a fixed sum or the retirement of some identified debt. Payments are required to be made directly to the debtor's ex-spouse or to the debtor's ex-spouse's attorneys, not to the holder of a joint obligation of the parties. Though the enforceability of the state court decree through the process of contempt is not by itself outcome determinative in a § 523(a)(5) case, it is clear from the facts that the debtor's ex-spouse has successfully sought to enforce the state court decrees through contempt proceedings. For tax purposes, the debtor has treated the payments that have been made as if they were payments for support of an ex-spouse and child. There is substantial proof in the record that the payments were awarded for the immediate living expenses, maintenance and support of the debtor's ex-spouse.

 The 1981 judgment modifying the amount of the 1979 award of alimony and support does not affect the nondischargeability of the 1979 award. As this court noted in *Vickers,* each decree must be considered on its face in light of the standards set forth in *Nelson* to determine whether an award is in fact alimony, maintenance or support. Herein, the proof demonstrates that the awards of periodic alimony in the 1979 order and in the 1981 order are nondischargeable under § 523(a)(5).

The defendant's accrued attorneys' fees, including fees incurred seeking to enforce the state court award of alimony, are also not dischargeable under 11 U.S.C.A. § 523(a)(5) (West 1979). The original 1979 decree awarded the defendant her attorneys' fees and makes provision for further fees if necessary. It appears that the defendant has been awarded some $2,486 pursuant to a state court order of February 14, 1980. Though this order was not presented to the court, there is no dispute that the order exists and that the amount indicated is due as attorneys' fees. Attorneys' fees for the collection of a nondischargeable award of alimony are nondischargeable on the facts of this case. *See Pauley v. Spong,* 661 F.2d 6 (2d Cir.1981); *Richards v. Loncar,* 14 B.R. 276 (N.D.Ill.1981); *Porter v. Gwinn,* 20 B.R. 233 (Bkrtcy. 9th Cir.1982).

A nondischargeable judgment should be entered accordingly.