In re Anthony J. MIGLIARESE, Debtor.

Debra L. MIGLIARESE, Plaintiff,

v.

Anthony J. MIGLIARESE, Defendant.

Bankruptcy No. 183–30610.

Adv. No. 183–0313.

United States Bankruptcy Court,
E.D. New York.

May 3, 1984.

Michael T. Sucher, Brooklyn, N.Y., for debtor.

I. Jared Brown, Brooklyn, N.Y., for plaintiff.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Bankruptcy Judge.

### FACTS

The debtor/defendant, Anthony J. Migliarese, filed a Chapter 7 petition in bankruptcy on March 28, 1983. Among the unsecured debts listed in his schedules of assets and liabilities is an obligation of $10,000 due his former wife, Debra L. Migliarese from whom he was divorced on March 14, 1978. The couple had no children. The former Mrs. Migliarese remarried on July 10, 1981 and is now known as Debra Caffero. The debtor has also remarried. Mrs. Caffero commenced an adversary proceeding in this Court in which she seeks to have the debt deemed nondischargeable on the ground that it represents maintenance or alimony arising out of a state court decree. Her statutory authority is 11 U.S.C. Section 523(a)(5), which states in relevant part:

(a) A discharge under section 727 of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, but not to the extent that—

.      .      .      .      .

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

It is undisputed that the debt arose from a state court judgment of divorce entered on March 14, 1978 in which the state court judge directed the debtor to pay Mrs. Caffero $7,250 at the rate of $25 per week. That sum was computed by allowing each party a 50% interest in furniture and other marital property valued at $13,000, thereby giving Mrs. Caffero $6,500. In addition, she was allowed $750 for her legal fees in the divorce proceeding. That sum of $7,250 was also specifically deemed to include $475 representing nineteen weeks of missed payments of $25 per week that the debtor had been ordered earlier by the state court to pay Mrs. Caffero as temporary support.

Several months later, on November 19, 1978, when the debtor had failed to make any of the payments, the state court entered a money judgment pursuant to New York Personal Property Law § 49-b in favor of Mrs. Caffero for $7,250 plus $500 in legal fees. Despite the entry of this judgment the debtor made no attempt to satisfy his debt to Mrs. Caffero and now seeks to have it discharged in bankruptcy.

## DISCUSSION AND CONCLUSIONS

■ The issues that this Court must address is not at all uncommon. Numerous bankruptcy courts have been asked to examine state court divorce decrees and separation agreements for the purpose of determining whether money or property owed to one of the parties in a marital action is truly in the nature of alimony or support and therefore a nondischargeable obligation. *See, e.g., Matter of Coil*, 680 F.2d 1170 (7th Cir.1982); *In re White*, 26 B.R.

572 (Bkrtcy.D.R.I.1983). The facts of each case are unique but all have been decided with one fundamental concept in mind; to be deemed nondischargeable the debt must truly be in the nature of support without respect to state court labels that may have been applied to it. *In re Calhoun*, 715 F.2d 1103 (6th Cir.1983); *In re Bonhomme*, 8 B.R. 645 (Bkrtcy.W.D.Okl.1981). In other words, the bankruptcy court is free to examine the true character of the obligation without being constricted by principles of *res judicata. In re Lineberry*, 9 B.R. 700 (Bkrtcy.W.D.Mo.1981).

That is not to say that the bankruptcy court should ignore prior proceedings. Rather, it should examine the totality of the evidence including the state court record in order to arrive at an independent conclusion based on the requirements of the Bankruptcy Code. *In re Eisenberg*, 18 B.R. 1001 (Bkrtcy.E.D.N.Y.1982). With this principle in mind, I will now begin an analysis of the facts in which I conclude that the judgment entered against the debtor and in favor of Mrs. Caffero is partially dischargeable in bankruptcy and partially nondischargeable.

■ Prior to the entry of the divorce decree of March 14, 1978 and at the very inception of the divorce proceedings, the debtor was directed to pay Mrs. Caffero $25 per week as temporary support. Although the couple had no children and she apparently had no disabilities inhibiting her from self-support, it is obvious from the state court record that Mrs. Caffero was in need of this money, at least temporarily, in order to establish a separate household and pay her bills.

When the final judgment of divorce was entered on March 14, 1978, as appears from above, the $7,250 award was deemed to include $750 in attorneys fees, as well as $475 representing the nineteen weeks of missed payments that were due as temporary support. In choosing this remedy, the court never altered its original decision that Mrs. Caffero was in need of support. It can logically be inferred from this that the state court opted to treat this property

settlement as a substitute for alimony or maintenance. (*See, In re White, supra,* where the court recognized the concept of substitution). Apparently, however, in limiting the amount of money that she could receive, the court also recognized that those needs were temporary and should not extend beyond a fixed period of time.

The state court record indicates that following her separation from the debtor, Mrs. Caffero was compelled out of necessity to return to her parents' home and was not consistently or fully employed. The court apparently recognized this and decided that the most effective means for providing her with the assistance she needed was to have the debtor aid her in a modest fashion for a limited period of time. The fact that her share of the proceeds of the marital property was included in these payments is not determinative of the character of the payments. The principal consideration is whether she was in need of money for her support, and I have concluded that she was.

As mentioned earlier, state court labels are not controlling in these cases. Nevertheless, they can be helpful in establishing the purpose of a state court decree and the intent of the parties. New York Personal Property Law § 49–b, upon which the state court relied in entering the money judgment of November 14, 1978 against the debtor, states in essence that when a person is ordered by a court to pay for the support of a spouse or former spouse and he fails to do so, then upon a showing of good cause, an order may be entered directing the employer to make deductions from his salary to satisfy those support obligations. Once again, this finding is not completely determinative but it does support the notion that the state court gave consideration to the question of whether the money owed by the debtor to Mrs. Caffero was truly in the nature of support.

In spite of the fact that the total sum owed to Mrs. Caffero was for her support, the order directing these payments neces-

sarily contemplated that they would not extend beyond the time when her need for support ended. By operation of law her need for support terminated upon her remarriage and any portion of the original $6,500 not yet due at that time automatically ceased to be for her support. New York Domestic Relations Law § 248. Accordingly, only that portion due her up to the time of her remarriage, together with legal fees,[1] is nondischargeable. The court has calculated that amount to be $6,050 as follows: nineteen weeks of temporary support payments totalling $475; 173 weeks of missed support payments which were due between March 14, 1978 and the date of Mrs. Caffero's remarriage on July 10, 1981 amounting to $4,325 and the legal fees of $750 and $500. The balance remaining is not in the nature of alimony or support and is therefore dischargeable in bankruptcy.

IT IS SO ORDERED.

---

1. *See, In re Spong,* 661 F.2d 6 (2d Cir.1981) in which it was held that a debtor's undertaking to pay his wife's legal bill in connection with a divorce proceeding may fall within the definition of alimony and support and therefore be nondischargeable.