**In re William J. RICKMAN, Debtor in Chapter 7.**

**William J. RICKMAN, Plaintiff,**

v.

**Patsy I. RICKMAN, James M. Bryant, Edwin Ledbetter, and David Seaton, Defendants.**

**Bankruptcy No. 87–10502–B. Adv. No. 87–0075.**

United States Bankruptcy Court, W.D. Tennessee, E.D.

Nov. 5, 1987.

---

**2.** Marla Miles testified that the balance was $16,467.26.

754

James M. Bryant, Selmar, Tenn., for defendants.

David Livingston, Bolivar, Tenn., for debtor.

## MEMORANDUM OPINION AND ORDER ON COMPLAINT FOR INJUNCTIVE RELIEF, PETITION TO SHOW CAUSE, AND PETITION FOR DECLARATORY JUDGMENT

WILLIAM HOUSTON BROWN,
Bankruptcy Judge.

This core proceeding[1] was initiated by the filing of an adversary proceeding by the Debtor, William J. Rickman, on April 23, 1987. The Debtor filed his Chapter 7 Petition on April 14, 1987, and an Order of Discharge was entered on August 6, 1987, with the general discharge being "reserved as to pending complaint re Patsy I. Rickman, James M. Bryant, Edwin Ledbetter and David Seaton." The adversary file does not reflect that an answer was filed by any of the named defendants; however, James M. Bryant appeared as attorney for the Defendant, Patsy I. Rickman, at hearings on the adversary proceeding and related matters. No default has been requested and none seems proper under all of the facts and circumstances.

The Complaint alleges that the Chancery Court of Alcorn County, Mississippi, entered an Order of Absolute Divorce in favor of Patsy I. Rickman, on February 14, 1986, and that on July 3, 1986, the said Patsy I. Rickman filed in the Chancery Court of Hardin County, Tennessee, to have the divorce decree given full faith and credit. A judgment was entered on November 13, 1986 in the Chancery Court of Hardin County, Tennessee, directing the Debtor to pay $20,000.00, plus legal interest, in $500.00 monthly installments. Subsequent to that judgment, the Chapter 7 Petition for Relief was filed. On the same date of the Chapter 7 filing, Patsy I. Rickman caused the Debtor to be brought into the Hardin County Chancerty Court to answer a contempt petition for his failure to pay delinquent obligations under that Court's orders. The Chancery Court found the Debtor in willful contempt, and the instant adversary proceeding resulted, naming the former spouse, her attorney, the Sheriff of Hardin County, and the Clerk and Master of the Hardin County Chancery Court as defendants.

As a result of a hearing before Judge David S. Kennedy, in the adversary proceeding, an Order was entered on June 16, 1987, wherein Judge Kennedy abstained from deciding the ultimate question of whether the claim of Patsy I. Rickman was alimony and thus not dischargeable, and "ordered the Debtor's attorney, David Livingston of Bolivar, Tennessee, to file a suit in the Chancery Court of Alcorn County, Mississippi seeking a determination as to the dischargeability of the claim of Patsy I. Rickman, this Court finding that it had concurrent jurisdiction with the state court for this cause." The Order further provided that "any ruling on the dischargeability of the claim of Patsy I. Rickman will be held in abeyance pending the ruling of the Chancery Court of Alcorn County, Mississippi."

---

1. See 28 U.S.C. Section 157(b)(2)(I).

Such a suit was filed, and the Debtor's counsel stated to this Court that he appeared with the Debtor at the Mississippi trial, after which an Order was issued by the Chancery Court of Alcorn County, Mississippi, on September 24, 1987. That Order provided, in part, the following:

1. The original Complaint in this case sought, among other things, alimony for the Plaintiff, PATSY I. RICKMAN.

2. The Defendant was personally served with process in this Cause and received a copy of the Divorce Decree, dated February 14, 1986, subsequent to the Divorce.

3. The Decree of Divorce entered in this Cause specifically found that the Defendant was personally aware of the hearing scheduled for the Divorce on February 14, 1986, and the Defendant testified that he was not represented in this Cause because he could not afford the services of an attorney.

4. The original Order of Divorce found that the Defendant should be required to pay reasonable alimony to the Plaintiff to assist her in the payment of debts of the parties and then required payment of lump sum alimony of $20,000.00. The Order required that the alimony payments be paid directly to the Plaintiff.

5. Chancellor George Adams, who entered the Divorce Decree in this Cause, intended to create an obligation by the Defendant to provide support for the Plaintiff by assisting her with the payment of debts and other things necessary to maintain her standard of living. The $500.00 to be paid monthly, toward the lump sum alimony, when coupled with Plaintiff's income was an amount necessary to ensure that she could pay the debts of the parties and her necessary expenses of living. Based upon the facts known to the Court at the time it entered its Decree, the alimony ordered, and the monthly payments toward it, were not so excessive that it was manifestly unreasonable under traditional concepts of support.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant's Motion and Petition are hereby denied

and it is the determination of this Court that the Decree of Divorce, entered on February 14, 1986, provided for the Defendant to pay support to the Plaintiff which was and is not dischargeable alimony under the provisions of 11 USC sec. 523 (sec. 523 of the Bankruptcy Act).

After the entry of the Chancery Court Order, Patsy I. Rickman, through counsel, then filed a "Motion to Lift Stay, etc.", wherein she sought to be allowed to "pursue any and all legal remedies to collect or force payment as ordered by The Chancery Court of Alcorn County, Mississippi." This motion was not filed in the adversary proceeding, but the Court is treating the motion as a motion to dismiss the adversary proceeding since the essential result would be the same. A hearing was held on this motion on October 15, 1987, and based upon statement of counsel at that hearing, the certified copy of the Chancery Court Order of September 24, 1987, the adversary proceeding file, the prior Order of this Court, and the entire case file, the Court makes the following findings of fact and conclusions of law, as required by Bankruptcy Rule 7052.

While no motion to dismiss or motion for summary judgment was filed in the adversary proceeding, the Defendant, Patsy I. Rickman's motion to lift the stay is the equivalent of a motion to dismiss for failure to state a claim upon which relief can be granted in the court. Federal Rule of Court Procedure 12(b)(6) applies in adversary proceedings. *See* Bankruptcy Rule 7012(b). The sole issue presented by the Debtor's complaint is whether this court must determine the dischargeability of state court ordered alimony under 11 U.S. C. sec. 523(a)(5) or whether this court is bound by the prior decision of the state court. In both the hearing before Judge Kennedy leading to the June 16, 1986 Order, and the hearing before this court on October 15, 1987, the court concludes that a reasonable opportunity existed for the Debtor, his attorney, the Defendant, Patsy I. Rickman, and her attorney, to present all material pertinent to a motion to dismiss or summary judgment. There are no facts in

dispute arising from the complaint filed by the Debtor. Rather, the Debtor disagrees with the legal conclusion of the Mississippi Court.

Because of this court's decision herein, the Defendants, Edwin Ledbetter, Clerk and Master, and Sheriff David Seaton are not essential parties to any issues presented in this proceeding. Therefore, no responsive pleadings from those two named defendants are required.

■ The Debtor seeks, in his complaint, both injunctive and declaratory relief. However, part of the requested relief is now moot. By his Order of June 16, 1987, Judge Kennedy recognized that under 11 U.S.C. sec. 523(c), the bankruptcy court shares concurrent jurisdiction with appropriate state courts to determine dischargeability issues as to alimony. See, e.g. *3 Collier on Bankruptcy* Para. 523.06 (15th Ed.1985); *In re Aurre* 60 B.R. 621 (S.D.N.Y.1986).

That determination of dischargeability has now been made. In compliance with Judge Kennedy's Order, the Debtor filed a complaint in the Chancery Court of Alcorn County. It is clear from that Court's Order that the Chancellor reviewed the original Order of Divorce and found that an intent to create a support obligation existed. This finding satisfies the first inquiry mandated by the Sixth Circuit. *In re Calhoun*, 715 F.2d 1103, 1109 (6th Cir.1983). Moving from intent, *Calhoun* then requires the next level of inquiry into whether the state ordered support or alimony has the *effect of providing necessary* support to the former spouse or children. 715 F.2d at p. 1109. The Alcorn County Chancellor made that finding in his Order, ruling that the monthly payments toward alimony, joined with the former spouse's own income "was an amount necessary to ensure that she could pay the debts of the parties and her necessary expenses of living."

Thirdly, *Calhoun* requires an inquiry into whether the necessary support payments are so excessive as to "manifestly be unreasonable under traditional concepts of support." 715 F.2d at p. 1110. This of course is a factual inquiry; however, the

Chancellor did that also, basing his Order "upon the facts known to the Court at the time it entered its Decree," and finding that the amount was not in violation of the *Calhoun* language.

This Court is not avoiding its responsibility under sec. 523(a)(5); however, there simply is no requirement to relitigate the decision of the Chancellor when he followed the *Calhoun* requirements, and under those standards, concluded that the support was alimony and was not dischargeable.

Collateral estoppel applies to this action, when the state court actually and necessarily decided the dischargeability issue on the same basis as this Court would have acted. See, *Spilman v. Harley*, 656 F.2d 224 (6th Cir.1981). Further, the Debtor can not argue that he lacked the opportunity to fully litigate the dischargeability issue in state court. Thus, res judicata also forecloses the Debtor. *See Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

The conclusion of this Court is that the issue of dischargeability has been determined, pursuant to sec. 523(a)(5), and nothing remains for this Court to decide. The decision of the Chancery Court is final and binding. A distinction has been made between those domestic cases which are uncontested in the state court and those which are fully litigated. As to the former, the bankruptcy court must look more carefully at whether the *Calhoun* standards have been followed. "Only the smaller number of contested cases would be insulated from review upon the subsequent bankruptcy of a contributing spouse." *In re Helm*, 48 B.R. 215, 226 (W.D.Ky.1985). In the present case, the Debtor had his opportunity and did litigate in the State Court.

The Debtor also requests that this Court stay enforcement of the Chancery Order, pending appeal by the Debtor to the Supreme Court of Mississippi, and the Debtor, through counsel, on October 15, 1987, announced his intention to perfect a timely appeal to that Court. However, the requested relief violates concepts of federalism and comity and also violates Bankruptcy Rule 8005.

■ The Debtor has obtained his discharge, effective August 6, 1987. The discharge dissolved the stay. 11 U.S.C. sec. 362(c)(2)(C). The case file indicates that this is a no-asset case. The former spouse has a final judgment of nondischargeability as to the alimony. Therefore, the Debtor has no further protection from the stay as to Patsy I. Rickman's alimony award.

■ As to the request for staying the enforcement of the state order, this Court has no such jurisdiction. There is no continued stay under 11 U.S.C. sec. 362. Also, this Court may not issue a supersedeas or stay of a final State Court Order. By analogy, if this were an appeal from a bankruptcy order, Bankruptcy Rule 8005 would require the Debtor to post a proper supersedeas bond. What the Debtor attempts to obtain from this Court is an appeal to the Mississippi Supreme Court without bond. Bankruptcy Rule 8005 does not reach that far and neither does this Court's jurisdiction.

Based upon the entire record and case file, this Court finds and concludes that the Court lacks jurisdiction to foster an appeal by the Debtor to the Mississippi Supreme Court and that there is nothing remaining in the adversary proceeding to be determined.

IT IS THEREFORE ORDERED that this adversary proceeding is dismissed.