[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO DETERMINE DISCHARGEABILITY OF COUNSEL FEES FOR THE DEFENDANT AND ATTORNEY FOR THE MINOR CHILDREN
On November 13, 1990, this court ordered the plaintiff to pay counsel fees for the minor children in the amount of $3,312.50 on or before July 1, 1991. At the same time, this court ordered that the plaintiff pay $12,500.00 as a contribution toward the defendant's counsel fees which sum shall be paid upon the sale of the marital property at 160 Granville Street in Fairfield or December 1, 1993, whichever shall first occur. On January 18, 1991, the plaintiff filed a voluntary petition in bankruptcy and lists as creditors Cecilia Rosenberg, Esquire, counsel for the minor children, and Owens and Schine, Esquire, Carolyn R. Linsey, Esquire, counsel for the defendant.
The defendant moves that the debt to her counsel be ruled to be nondischargeable as also does counsel for the minor children.
The first question for consideration is this court's jurisdiction to make a determination of dischargeability or nondischargeability of a debt sought to be discharged under the Bankruptcy Code. Under the provisions of the Bankruptcy Code, more particularly 11 U.S.C. § 523 (a)(1) through (10) certain categories of debts, including payments for alimony, maintenance and support are nondischargeable. 11 U.S.C. § 523 (a) provides in part as follows:
 A discharge under sections 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt
(1) — (4) omitted.
(5) to a spouse, former spouse, or child of CT Page 4249 the debtor for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a government unit, or property settlement agreement, but not to the extent that —
(A) omitted;
 (B) such debt includes a liability designated as alimony, maintenance, or support unless such liability is actually in the nature of alimony, maintenance or support. (Emphasis supplied.)
In making the determination as to the dischargeability of 523(a)(5) debts, it has been ruled that bankruptcy courts and state courts have concurrent jurisdiction. The following language from the case of In Re Aurre, 60 B.R. 621 at 624 (B.C. S.D.N.Y. 1986), sets forth the rule of law regarding the issue of jurisdiction:
 [1] Section 523(a) of the Code generally provides an exception to discharge of unassigned debts owed to a spouse, former spouse or child of the debtor that are "actually in the nature of alimony, maintenance or support" and that arise "in connection with a separation agreement. . . ." Unlike debts arising out of fraud, obtaining property through false pretenses and willful and malicious injury, as set forth in 523(a)(2), (a)(4) and (a)(6), no action by the bankruptcy court is necessary to trigger the exception. See 523(c). The bankruptcy courts and state courts thus have concurrent jurisdiction to determine whether a debt is excepted from discharge under 523(a)(5). Aldrich v. Imbrano (In re Aldrich), 9 C.B.C.2d 1073, 1078, 34 B.R. 776 (B.A.P. 9th Cir. 1983). Cf. L. King, R. Babbitt, A. Herzog, R. Levin, 3 Collier on Bankruptcy, 523.06 (15th Ed. 1985). Although the test of whether an obligation to a former spouse is one of federal law, e.g., Boyle v., Donovan, 724 F.2d 681 (8th Cir. 1984); CT Page 4250 Pauley v. Spong (In re Spong), 661 F.2d 6
(2d Cir. 1981), "[s]tate courts of general jurisdiction have the power to decide cases involving federal . . . rights where . . . neither the Constitution nor statute withdraws such jurisdiction." Boston Stock Exchange v. State Tax Commission, 429 U.S. 318, 319, n. 3, 97 S.Ct. 599, 602, n. 3, 50 L.Ed.2d 514
(1977); accord e.g., Texaco, Inc. v. Pennzoil Co., 784 F.2d 1133, 1144 (2d Cir. 1986).
 [2, 3] In the application of that test, the labels affixed to an obligation by state law or by a divorce decree or separation agreement are not at all binding. Stout v. Prussell, 691 F.2d 859 (9th Cir. 1982); Melichar v. Ost, 661 F.2d 300 (4th Cir. 1981); In re Bell, 47 B.R. 284 (Bankr. E.D.N.Y. 1985) ; In re Migliarese, ___, 38 B.R. 978
(Bankr. E.D.N.Y. 1984). In rendering the divorce decree, the state court does not have before it the federal issue. Nor does it in enforcing a separation agreement or divorce decree prior to bankruptcy. Thus, res judicata and collateral estoppel issues only arise from post bankruptcy actions to enforce a prepetition debt. If they actually concern alimony, maintenance or support, the debtor's discharge, as 523(a)(5) provides is no bar; nor is the automatic stay a bar to actions during the pendency of the bankruptcy case to the extent recovery is sought against property that is not property of the estate. 362(b)(2).
Similar language to the same effect is contained in the case of In re Portaro, 108 B.R. 142, 148, 149 (B.C.N.D.Ohio 1989):
 The Bankruptcy Court has exclusive jurisdiction to determine the dischargeability of debts pursuant to 523(a)(2), (4) and (6). Under all other subsections of 523, this Court has concurrent jurisdiction with any appropriate nonbankruptcy forum. See, Advisory Committee Note to Bankruptcy Rule 4007(c). Thus, the bankruptcy courts and the state CT Page 4251 courts have concurrent jurisdiction to determine whether a debt is excepted from discharge under 523(a)(5). In re Orr, 99 B.R. 109, 110 (Bankr. S.D.Fla. 1989); In re Pierce, 95 B.R. 154, 157 (Bankr. N.D.Cal. 1988); In re McCracken, 94 B.R. 467, 469
(Bankr. S.D.Ohio 1988); In re Rickman, 79 B.R. 753, 756 (Bankr. W.D.Tenn. 1987); In re Polley, 74 B.R. 68, 70 (Bankr. S.D.Ohio 1987); In re Aurre, 60 B.R. 621, 624
(Bankr. S.D.N.Y. 1986); In re Aldrich, 34 B.R. 776, 780 (9th Cir. BAP 1983). Using their concurrent jurisdiction, state courts have made determinations concerning the dischargeability of divorce obligations. See, e.g., Clark v. Clark, 40 Ohio App.3d 177, 532 N.E.2d 158 (1987); In re Rickman, supra.
The following language from 3 Collier on Bankruptcy, par. 523.06 (15th Ed. 1985) states as follows:
 As to debts excepted from discharge other than those falling under the ambit of section 523(a)(2)(4) and (6), the bankruptcy court has original but not exclusive jurisdiction; its jurisdiction is concurrent with the appropriate local court.
Since this court entered the original orders in this matter, it is the more appropriate forum for determining this issue. The issue of whether the court ordered counsel fees is deemed to be in the nature of alimony and support must be decided under Connecticut General Statutes 46b-62 and case law. In a case involving Connecticut law and the Bridgeport law firm of Brody and Brody's claim for attorney's fees sought to be discharged in a bankruptcy proceeding in the State of Colorado, the United States Court of Appeals for the Tenth Circuit ruled that an award of attorney's fees against the husband in a divorce proceeding was not a debt that was dischargeable in bankruptcy since it was in the nature of alimony and support, as opposed to a property settlement under the laws of Connecticut. The court stated:
 There is little doubt, but that by the 1973 amendment to the Connecticut statutory law pertaining to the dissolution of marriage, an award of attorney's fees is to be deemed as a form of alimony and not as a form of property settlement." In re Birdseye, CT Page 4252 548 F.2d 321, 523 (1977).
Since Connecticut had entered its divorce decree prior to the effective date of the 1973 amendment providing for "no fault" dissolutions, the Birdseye court went on to examine the case law in the State of Connecticut prior to October 1, 1973 relying primarily upon the case of Krasnow v. Krasnow, 140 Conn. 254
(1953). The court stated, at page 325, as follows:
 [5, 6] As indicated, then, the Connecticut case law indicates to us that an award of attorney fees in divorce proceedings is in the nature of alimony. However, assuming for the sake of argument that these cases have not definitively resolved the matter, we may in such circumstance properly look to other sources, including the decisions of other states, federal decisions, and the general weight and trend of authority. Juliander v. Ford Motor Company, 488 F.2d 839
(10th Cir. 1973) and Cottonwood Mall Shopping Center, Inc. v. Utah Power Light Co., 440 F.2d 36 (10th Cir.), cert. denied, 404 U.S. 857, 92 S.Ct. 107, 30 L.Ed.2d 99
(1971). In this connection our resolution of the present controversy is in complete accord with the general rule that attorney fees awarded in a divorce proceeding are treated as a form of alimony, and not dischargeable in a bankruptcy proceeding. For illustrative cases so holding, see Schiller v. Cornish (In re Cornish), 529 F.2d 1363 (7th Cir. 1976); Jones v. Tyson (In re Jones), 518 F.2d 678 (9th Cir. 1975); Nunnally v. Nunnally (In re Nunnally), 506 F.2d 1024 (5th Cir. 1975), and Damon v. Damon, 283 F.2d 571 (1st Cir. 1960). Our attention has not been directed to any reported decision holding that an award of attorney fees in a divorce proceeding is later dischargeable in bankruptcy proceedings involving the debtor.
In re Birdseye, 548 F.2d 321, 325 (1977).
Under the provisions of 46b-62 of the General Statutes, the court may order either spouse or either parent to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in 46b-82. By virtue of the references, it is clear that CT Page 4253 the award of counsel fees in this case to Owens Schine is in the nature of alimony and, therefore, nondischargeable in bankruptcy.
Section 46b-62 further provides that the court may order the father, mother, or an intervening party to pay the reasonable fees of an attorney for a minor child. As the award to the defendant in this case is in the nature of alimony, the award to Attorney Rosenberg in this case is in the nature of support and, therefore, nondischargeable in bankruptcy.
On motion number 130, the court determines that counsel fees of Attorney Cecelia F. Rosenberg in the amount of $3,312.50 are nondischargeable in bankruptcy.
On motion number 131, the court determines that counsel fees of Owens and Schine (Attorney Carolyn R. Linsey) are nondischargeable in bankruptcy.
EDGAR W. BASSICK, III, JUDGE