**In re Donald Neil BAIRD, Debtor.**

**Donald Neil BAIRD, Plaintiff/Appellant,**

**v.**

**Nancy Jane LONG and Columbine Hospital, Defendants/Appellees.**

Civ. A. No. 91–K–1026.
Bankruptcy No. 89–B–7350–E.
Adv. No. 91–1169 RJB.

United States District Court,
D. Colorado.

March 19, 1993.

Sterling Sorrell, Colorado Springs, CO, for plaintiff/appellant.

Stanley C. Kent, Susemihl, Lohman, Kent & McDermott, Colorado Springs, CO, for Nancy Jane Long.

Gerald Neiderman, Charles M. Hobbs, Faegre & Benson, Denver, CO, for Columbine Hosp.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

In this bankruptcy appeal the debtor, Donald Baird, contests the bankruptcy court's June 6, 1991 judgment dismissing his complaint for equitable relief and a declaratory judgment. Baird had sought an order from the bankruptcy court relieving him from the obligation to comply with a post-bankruptcy decision entered in state court requiring him to pay support to his ex-wife. The bankruptcy court dismissed the complaint on res judicata grounds, holding that the state court had ruled that Baird's obligation to his ex-wife on a note was a nondischargeable debt in the nature of support. I affirm, but for slightly different reasons than those stated by the bankruptcy court.

### I. *Facts.*

On March 28, 1989 Donald Baird and his wife Nancy Long entered into a separation agreement whereby Baird reaffirmed his obligation to make payments to Long under an earlier-executed promissory note for $10,000. The parties characterized these payments as a property settlement and agreed that neither of them required support. The settlement agreement was incorporated into the couple's final marriage dissolution decree entered April 12, 1989.

On June 1, 1989, Baird filed for bankruptcy under Chapter 7, listing on his schedule of debts the note to Long. Long did not file a complaint objecting to Baird's general discharge under § 727 or to the discharge of his debt on the note under § 523(a)(5). In October 1989, Baird received a general discharge in bankruptcy.

In January 1990, Long filed a petition for spousal maintenance in state court under Colo.Rev.Stat. § 14–10–114(1), seeking an award of support in light of changed circumstances. Long alleged in the petition

that she had waived support in the separation agreement in consideration of the division of marital property accomplished in large part by Baird's payment of the note. Thus, she argued, since that debt was discharged in Baird's bankruptcy, she now required support. In addition, she alleged that the IRS had filed a tax lien against her as a result of Baird's nonpayment of income taxes. The state court agreed and on June 29, 1990 awarded her support in the amount of $200 per month, equivalent to the payments which Baird was to have made under the note. When Baird did not make support payments, Long obtained an order directing Baird's employer, Columbine Hospital, to comply with a wage assignment.

On February 27, 1991, Baird filed the instant action in bankruptcy court, seeking to enjoin the enforcement of the state court judgment awarding Long post-dissolution support. Baird argued that his debts to Long were discharged and that the state court could not require him to pay support in derogation of the discharge. Long then moved to dismiss, arguing that Baird's relitigation of the issue of dischargeability was barred by res judicata. Alternatively, she urged the bankruptcy court to abstain from hearing the matter on the grounds that the state court decision should have been appealed. In a bench ruling on May 20, 1991, the bankruptcy court reasoned that the state court litigation

> revolved around obviously the discharge under the promissory note. So we have all the identities required for res judicata. The implication to me is that Judge Franklin had decided that the promissory note in question was indeed in the nature of spousal maintenance. That is the only way he could have come out as he did, in my estimation.

(R.Vol. II at 18.) Thus, the bankruptcy court held that Baird was barred by res judicata from collaterally attacking the state court's determination that his debt to Long was not discharged. The bankruptcy court made a point to note that it was not ruling that it lacked jurisdiction, stating "[t]o the contrary, this Court did have concurrent jurisdiction to make sure that fed-

eral standards were followed in the determination of dischargeability of the spousal obligation that is the subject of this action." (R.Vol. I, Doc. 11.) Baird now appeals.

## II. *Merits.*

Baird argues on appeal that the bankruptcy court erred in finding his action was barred by res judicata because the state court did not actually decide the issue of dischargeability or it failed to make an adequate determination of dischargeability under § 523(a)(5). Long addresses this contention in her response brief, but focuses more intently on whether the bankruptcy court even had jurisdiction to consider the state court's ruling. I believe that bankruptcy court was correct in dismissing Baird's complaint, only I differ somewhat in the reasoning.

First, I note that the state court has never made any finding on the issue of dischargeability, notwithstanding Baird's attempt to raise the issue in the state court proceedings. In its order awarding Long support, the state court simply stated:

> facts have arisen since the date of Decree of Dissolution of Marriage herein which justify an award of spousal maintenance unto Respondent, as circumstances have changed since the entry of the Decree of Dissolution of Marriage and such change in circumstances are so substantial and continuing as to make the terms of the original Decree and Separation Agreement concerning spousal maintenance unconscionable.

(R.Vol. V, Findings & Order, June 29, 1990.) The bankruptcy court below reasoned that the only way the state court could have come out this way was to have determined that the note was a nondischargeable debt in the nature of support. I disagree.

 There is no dispute that Long did not object to the discharge of the promissory note in Baird's original bankruptcy case. Thus, when Baird obtained his general discharge, he was relieved from his obligation on the note. In my view, discharge of the note was the changed circumstance upon

which the state court relied to find that Long now required a post-dissolution order for support. The state court did not need to find that Baird's debt to Long was nondischargeable. Thus, I disagree with the bankruptcy court's conclusion that Baird's complaint for equitable relief from the judgment was barred by res judicata because the state court actually decided the dischargeability issue in the proceedings before it.

■ Nevertheless, res judicata also bars the relitigation of issues which could have been but were not actually decided. *Subryan v. Regents of the Univ. of Colo.,* 813 F.Supp. 753, 757 (D.Colo.1993). There is no time limit for filing an objection to the discharge of a debt under § 523(a)(5), and cases can be reopened for that purpose. *See* Bankr.R. 4007(b) ("Subdivision (b) does not contain a time limit for filing a complaint to determine the dischargeability of a type of debt listed as nondischargeable under § [523(a)(5)]...." Jurisdiction over this issue on these debts is held concurrently by the bankruptcy court and any appropriate nonbankruptcy forum.) Since the state court could have determined the dischargeability of the note, but didn't, Baird's complaint in bankruptcy court is nevertheless barred by res judicata. Furthermore, the proper course for Baird to have contested this decision was to the state courts, not the bankruptcy court. *See Rickman v. Rickman (In re Rickman),* 79 B.R. 753, 757 (Bankr.W.D.Tenn. 1987). Thus, I agree with Long's questioning of the bankruptcy's authority to even entertain this action.

Accordingly, the bankruptcy court reached the right result by dismissing Baird's complaint, and its decision is AFFIRMED.